B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>**Eastern District of Virginia** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Greenbrier Hotel Corporation** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**CSX Hotels, Inc., The White Sulphur Springs Co.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**55-0332133** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**300 W. Main Street**<br>**White Sulphur Springs, WV**<br>ZIP CODE **24986** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Greenbrier County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☑ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☑ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☑ Debts are primarily business debts.

**Filing Fee** (Check one box.)

☑ Full Filing Fee attached.

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☑ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

(Note: column header shows "1,000-5,000" where ☑ appears)

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |

B 1 (Official Form 1) (1/08)                                                                                                    **Page 2**

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Greenbrier Hotel Corporation |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:    See attached Annex A. | Case Number: | Date Filed: |
| District:    Eastern District of Virginia | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☑    No. [1]

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

| Information Regarding the Debtor - Venue<br>(Check any applicable box.) |
|---|
| ☐    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☑    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| Certification by a Debtor Who Resides as a Tenant of Residential Property<br>(Check all applicable boxes.) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>    _____<br>    (Name of landlord that obtained judgment)<br><br>    _____<br>    (Address of landlord) |
| ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

---

1 The Debtor does not know what is meant by the phrase "imminent and identifiable harm" as used in the form. The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm.

B 1 (Official Form) 1 (1/08)                                                                                                   Page 3

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | Greenbrier Hotel Corporation |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only one box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____<br>Signature of Debtor | X _____<br>(Signature of Foreign Representative) |
| X _____<br>Signature of Joint Debtor | |
| _____<br>Telephone Number (if not represented by attorney) | _____<br>(Printed Name of Foreign Representative) |
| _____<br>Date | _____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>Signature of Attorney for Debtor(s)<br>Dion W. Hayes, Esq. (VSB No. 34304)<br>Printed Name of Attorney for Debtor(s)<br>McGuire Woods, LLP<br>Firm Name<br>One James Center<br>Address  901 East Cary Street<br>Richmond, VA  23219-4030<br>804-775-1000<br>Telephone Number<br>3/19/2009<br>Date | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. |
| *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | _____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | _____<br>Address |
| The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | X _____<br>_____<br>Date |
| X _____<br>Signature of Authorized Individual<br>Michael McGovern<br>Printed Name of Authorized Individual<br>Chief Financial Officer<br>Title of Authorized Individual<br>3/19/2009<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## ANNEX A

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of these petitions, these entities filed an application requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

1. Greenbrier Hotel Corporation
2. The Greenbrier Resort and Club Management Company
3. Greenbrier IA, Inc.
4. Greenbrier Golf and Tennis Club Corporation
5. Old White Club Corporation
6. The Old White Development Company

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

In re   Greenbrier Hotel Corporation

Case No. _____

Chapter ___11___

Debtor(s)

# DECLARATION OF DIVISIONAL VENUE

The debtor's domicile, residence, principal place of business or principal assets were located for the greater part of the 180 days preceding the filing of the bankruptcy petition in the indicated city or county [check one box only]:

**ALEXANDRIA DIVISION**
**Cities:**
- ❏ Alexandria-510
- ❏ Fairfax-600
- ❏ Falls Church-610
- ❏ Manassas-683
- ❏ Manassas Park-685

**Counties:**
- ❏ Arlington-013
- ❏ Fairfax-059
- ❏ Fauquier-061
- ❏ Loudoun-107
- ❏ Prince William-153
- ❏ Stafford-179

**RICHMOND DIVISION**
**Cities:**
- ☒ Richmond (city)-760
- ❏ Colonial Heights-570
- ❏ Emporia-595
- ❏ Fredericksburg-630
- ❏ Hopewell-670
- ❏ Petersburg-730

**Counties:**
- ❏ Amelia-007
- ❏ Brunswick-025
- ❏ Caroline-033
- ❏ Charles City-036
- ❏ Chesterfield-041
- ❏ Dinwiddie-053
- ❏ Essex-057
- ❏ Goochland-075
- ❏ Greensville-081
- ❏ Hanover-085
- ❏ Henrico-087
- ❏ King and Queen-097
- ❏ King George-099
- ❏ King William-101
- ❏ Lancaster-103
- ❏ Lunenburg-111
- ❏ Mecklenburg-117
- ❏ Middlesex-119
- ❏ New Kent-127
- ❏ Northumberland-133
- ❏ Nottoway-135
- ❏ Powhatan-145
- ❏ Prince Edward-147
- ❏ Prince George-149
- ❏ Richmond(county)-159
- ❏ Spotsylvania-177
- ❏ Surry-181
- ❏ Sussex-183
- ❏ Westmoreland-193

**NORFOLK DIVISION**
**Cities:**
- ❏ Norfolk-710
- ❏ Cape Charles-535
- ❏ Chesapeake-550
- ❏ Franklin-620
- ❏ Portsmouth-740
- ❏ Suffolk-800
- ❏ Virginia Beach-810

**Counties:**
- ❏ Accomack-001
- ❏ Isle of Wight-093
- ❏ Northampton-131
- ❏ Southampton-175

**NEWPORT NEWS DIVISION**
**Cities:**
- ❏ Newport News-700
- ❏ Hampton-650
- ❏ Poquoson-735
- ❏ Williamsburg-830

**Counties:**
- ❏ Gloucester-073
- ❏ James City-095
- ❏ Mathews-115
- ❏ York-199

Date: March 19, 2009 _____

_____
**Signature of Attorney or *Pro Se* Debtor**

_____
**Signature of Joint Debtor** (if case is a joint case and debtors are not represented by an attorney)

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this Division.

Ver. 8/22/00

JOINT UNANIMOUS WRITTEN CONSENT OF

THE BOARDS OF DIRECTORS OF

THE GREENBRIER RESORT AND CLUB MANAGEMENT COMPANY
GREENBRIER HOTEL CORPORATION
GREENBRIER IA, INC.
THE OLD WHITE DEVELOPMENT COMPANY
GREENBRIER GOLF AND TENNIS CLUB CORPORATION
OLD WHITE CLUB CORPORATION

March 18, 2009

_____

The undersigned hereby certify that they constitute all of the members of each of the Boards of Directors (collectively, the "Boards") of The Greenbrier Resort and Club Management Company, a Virginia corporation, Greenbrier Hotel Corporation, a West Virginia corporation, Greenbrier IA, Inc., a Delaware corporation, The Old White Development Company, a West Virginia corporation, Greenbrier Golf and Tennis Club Corporation, a West Virginia corporation, and Old White Club Corporation, a West Virginia Corporation (collectively, the "Companies"), and by this writing approve the following resolutions and consent to their adoption in lieu of meetings, as though said resolutions were adopted at duly convened meetings of the Boards.

**WHEREAS**, the Boards have previously considered the commencement of bankruptcy cases under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, after consultation with the Companies' management and their legal and financial advisors, and after review of the applicable bankruptcy, debtor-in-possession financing and asset sale documentation, the Boards have determined that it is in the best interests of the Companies and their creditors, shareholders, and other interested parties to file voluntary petitions on behalf of the Companies for relief under the Bankruptcy Code.

## I.    ASSET PURCHASE AGREEMENT

**NOW, THEREFORE, BE IT RESOLVED**, that the Companies be, and hereby are, authorized to enter into, execute and deliver the Asset Purchase Agreement (together with all instruments, documents, schedules, exhibits, and agreements attached thereto or to be executed in connection therewith, the "Asset Purchase Agreement") to be dated on or about the date hereof by and among the Companies as sellers and Marriot Hotel Services, Inc. as purchaser, in substantially the form of the draft Asset Purchase Agreement reviewed by the Boards on the date hereof, with such changes and additions thereto as are deemed necessary, appropriate, or desirable by the Chief Executive Officer, the Chief Financial Officer or such other officer of each Company as may be designated

by the Chief Executive Officer of such Company (each an "Authorized Officer" and, collectively, the "Authorized Officers") executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval and determination; and it is further

**RESOLVED**, that the Companies are authorized to perform fully their obligations under the Asset Purchase Agreement and the other instruments, documents, schedules, exhibits and agreements to be executed in connection therewith (including, without limitation, to incur indebtedness under an exit term loan agreement, and to grant liens as provided in the deeds of trust and intercreditor agreement, in each case, in the form of the applicable exhibits); and it is further

**RESOLVED**, that the Asset Purchase Agreement and all of the transactions contemplated therein and incidental thereto, be, and hereby are, approved, and the Authorized Officers are, and each hereby is, authorized and directed to negotiate the final form of the Asset Purchase Agreement, and to execute and deliver the Asset Purchase Agreement in substantially the form reviewed by the Boards on March 18, 2009, for and in the name of the Companies, with such changes therein as such Officer shall approve, the execution thereof by such Authorized Officer to be conclusive evidence of such approval and determination; and it is further

## II.    CHAPTER 11 BANKRUPTCY FILING

**RESOLVED**, that, in the judgment of the Boards, it is desirable and in the best interests of the Companies and their creditors, shareholders, and other interested parties, that petitions be filed by the Companies seeking relief under the provisions of the Bankruptcy Code, and the filing of such petitions is hereby authorized; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, appointed by the Boards as an authorized signatory in connection with the chapter 11 proceedings authorized herein; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies, to execute, verify and/or file, or cause to be executed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary and appropriate documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in connection therewith to employ and retain all assistance by legal counsel, accountants, or other professionals and to take any and all action that the Authorized Officers deem necessary, proper, or desirable in connection with the chapter 11 cases, including any and all action necessary, proper, or desirable in connection with obtaining debtor-in-possession financing and preparing for a sale of the Companies' assets, with a view to the successful prosecution of such cases; and it is further

**RESOLVED**, that the law firm of McGuireWoods LLP be, and hereby is, employed to render legal services to, and to represent, the Companies as general restructuring counsel in connection with the chapter 11 cases and any other related matters and on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that the law firm of Dinsmore & Shohl LLP be, and hereby is, employed to render legal services to, and to represent, the Companies as special labor counsel in connection with the chapter 11 cases and any other related matters and on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that the law firm of Huddleston Bolen LLP be, and hereby is, employed to render legal services to, and to represent, the Companies as special West Virginia corporate counsel in connection with the chapter 11 cases and any other related matters and on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that the firm of Protiviti Inc. be, and hereby is, employed as financial advisor to provide financial advisory services for the Companies in connection with the chapter 11 cases and any other related matters and on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that the firm of Kurtzman Carson Consultants LLC be, and hereby is, employed as claims, noticing, and balloting agent for the Companies in connection with the chapter 11 cases and any other related matters and on such terms as any Authorized Officer shall approve; and it is further

## III.   DIP LOAN AGREEMENT

**RESOLVED**, that the Companies be, and hereby are, authorized to enter into, execute, and deliver the Revolving DIP Loan Agreement (the "DIP Credit Agreement") to be dated on or about March 20, 2009 by and among the Companies as borrowers and CSX CORPORATION as lender (the "Lender"), and all notes, guarantees, security agreements, pledge agreements, mortgages, deeds of trust, instruments or other documents or agreements related thereto or required thereby (collectively, the "DIP Loan Documents"), providing for a credit facility of up to $19,000,000, in substantially the form of the draft DIP Credit Agreement and other DIP Loan Documents reviewed by the Boards on the date hereof, with such changes and additions thereto as are deemed necessary, appropriate, or desirable by the Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval and determination; and it is further

**RESOLVED**, that the Companies are authorized to perform fully their obligations under the DIP Credit Agreement and the other DIP Loan Documents, including the incurrence of debt thereunder and the payment of all fees and expenses in accordance with the terms of the DIP Loan Documents, and to engage in such other

transactions, arrangements or activities as are reasonably related or incidental to or which will serve to facilitate or enhance for the benefit of the Companies the transactions contemplated by the DIP Loan Documents, including without limitation any modification, amendment, extension, restatement, or expansion of the DIP Loan Documents, and to enter into such other agreements or understandings as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by the DIP Loan Documents; and it is further

RESOLVED, that the Companies are authorized to grant the liens and security interests in and on the Companies' assets described in the DIP Loan Documents in favor of the Lender as collateral to secure the obligations under the DIP Loan Documents, and any Authorized Officer be, and each of them hereby is, authorized and empowered to authorize or assist the Lender to file any mortgages, financing statements, or other acts necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents for the benefit of the Lender, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filing in respect of intellectual and other property of the Companies, in each case as reasonably requested to perfect the security interests referred to in the DIP Loan Documents; and it is further

## IV.    MISCELLANEOUS

RESOLVED, that each Authorized Officer be, and each such Authorized Officer hereby is, authorized to prepare, execute and file all applications, certificates or other documentation for any approvals required as a condition, or necessary or useful to effect or facilitate, the transactions contemplated by the Asset Purchase Agreement and the DIP Credit Agreement; and it is further

RESOLVED, that all action heretofore taken by the officers and directors of the Companies with respect to the chapter 11 cases, the DIP Loan Documents, the Asset Purchase Agreement, or any of the foregoing resolutions that is consistent with the purpose and intent of the foregoing resolutions is hereby ratified, confirmed and approved in all respects as the proper act and deed of the Companies; and it is further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers be, and they hereby are, authorized and directed to take or perform or cause to be taken or performed all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents in the name and on behalf of the Companies, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary or advisable in order to carry out fully the intent and purposes of the foregoing resolutions; and it is further

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and intent and purposes of, the foregoing resolutions; and it is further

**RESOLVED**, that this joint unanimous written consent may be executed in any number of counterparts, each of which shall be an original, but such counterparts shall constitute one and the same document; and it is further

**RESOLVED**, that this joint unanimous written consent may be transmitted by facsimile machine or other electronic means (such as PDF) and that facsimile or PDF copies may be executed.  The Board intends that faxed signatures and/or signatures delivered by PDF format constitute original signatures and that a faxed consent or a consent delivered by PDF containing the signature (original and/or fax) of any director is binding on the Corporation; and it is further

**RESOLVED**, that this joint unanimous written consent shall be effective as of the date below.

**[Remainder of page intentionally left blank]**

IN **WITNESS WHEREOF,** the directors of the Companies have caused this joint unanimous written consent to be executed on the 18th day of March, 2009.

_____

Christopher R. Andrews


_____

Fredrik J. Eliasson


_____

Michael Gordon

**6**

**IN WITNESS WHEREOF**, the directors of the Companies have caused this joint unanimous written consent to be executed on the 18th day of March, 2009.


_____
Christopher R. Andrews


_____
Fredrik J. Eliasson


_____
Michael Gordon

**IN WITNESS WHEREOF,** the directors of the Companies have caused this joint unanimous written consent to be executed on the 18th day of March, 2009.

_____
Christopher R. Andrews

_____
Fredrik J. Eliasson

_____
Michael Gordon

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
_____Richmond_____ Division

In re    Greenbrier Hotel Corporation

                    Debtor(s)                          Case No.    09-


                                                       Chapter      11


# CORPORATE OWNERSHIP STATEMENT

Pursuant to FRBP 1007(a)(1), or FRBP 7007.1(a) the undersigned counsel for the
following corporate entity:
 Greenbrier Hotel Corporation _____

in the above captioned case or adversary proceeding certifies that the following
corporation(s), other than a governmental unit, directly or indirectly owns 10% or more
of any class of the corporation's equity interest, or states that there are no entities to
report under FRBP 1007(a)(1), or FRBP 7007.1(a):

Name and Address of Corporate Equity Holders                Interest

The Greenbrier Resort and Club Management Company              100%
300 West Main Street
White Sulphur Springs, West Virginia 24986

☐ No entities to report under FRBP 1007(a)(1), or FRBP 7007.1(a) *[Check if applicable]*


 March 19, 2009 _____
Date                                         Signature of Debtor's Counsel or
                                             Party in Adversary Proceeding


[cpownstm ver. 3/2004]

Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Greenbrier Hotel Corporation, et al., | : | Case No. 09-_____ (___) |
| | : | |
| Debtors. | : | (Joint Administration Pending) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**LIST OF CREDITORS HOLDING THE TWENTY
LARGEST UNSECURED CLAIMS AGAINST THE DEBTOR**

Set forth below is a list of creditors holding the twenty (20) largest unsecured claims against the above captioned debtors (collectively, the "**Debtors**") as of approximately March 19, 2009. The list has been prepared from the Debtors' books and records. The information presented in the list below shall not constitute an admission by, nor is it binding on, the Debtors.[1]

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include claims of (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims, or (3) persons, including employees of the Debtors, for which the Debtors are seeking authority to pay in motions filed contemporaneous herewith.

---

[1] The Debtors will file schedules of assets and liabilities (the "**Schedules**") in accordance with 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007. The information contained in the Schedules may differ from that set forth below. Furthermore, the Debtors have not yet identified which of their largest unsecured claims, if any, are contingent, unliquidated, disputed and/or subject to setoff. The Debtors reserve the right to identify any of their claims listed in the Schedules as contingent, unliquidated, disputed and/or subject to setoff as appropriate. Inclusion of a claim on this consolidated list is not an admission that the amounts are or are not contingent, unliquidated, disputed and/or subject to setoff nor an admission that the amounts listed are owed by more than one of the Debtors.

| (1) NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2) NAME, TELEPHONE & FAX NUMBER & COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3) C/U/D/S | (4) AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|
| MICROS SYSTEMS, INC. P O BOX 23747 COLUMBIA, MD  21046-2289 | 443-285-6821 443-587-2327 TOM GIANNOPOULOUS | D | $ 228,176 |
| ALLEGHENY POWER PO BOX 2809 LEWISBURG, WV 24901 | 800-255-3443 800-453-9366 | U | 73,252 |
| SYSCO FOOD SERVICES OF VA, LLC PO BOX 20020 RT 11 SOUTH ACCT. NO. 109108 HARRISONBURG, VA  22801 | 800-927-9726 540-433-1698 JIMMY HUFFMAN | U | 55,841 |
| DONAHOE CONSTRUCTION COMPANIES 2101 WISCONSIN AVE. NW WASHINGTON DC 20007 | 202-333-0880 202-337-1217 STEVE CROWDER | D | 40,000 |
| TRINITY TURF, INC. P.O. BOX 9 MT. CRAWFORD, VA  22841 | 540-432-1420 540-432-1420 KURT FELLENSTEIN | U | 35,781 |
| CITY OF WHITE SULPHUR SPR. PO BOX 4632 WHITE SULPHUR SPRINGS, WV 24986 | 304-536-1454 304-536-4512 | U | 35,640 |
| FRIESENS-BOOK DIVISION ONE PRINTER'S WAY ALTONA MANITOLBA CANADA, R0G 0B0 | 204-324-6401 204.324.1333 DAVID FRIESEN | U | 33,900 |
| MOUNTAINEER GAS COMPANY P O BOX 362 CHARLESTON, WV  25322-0362 | 304-645-4335 304-367-3337 | U | 23,819 |
| GROWTH ENHANCER TURF CONSULTANT P O BOX 8995 ROANOKE, VA  24014 | 540-400-6206 540-400-6204 CYNTHIA APPEL | U | 20,822 |
| BETH DANIEL 219 PALM TRAIL 1751 PINNACLE DR MCLEAN, VA  22102 | 703-905-3300 / 304-342-6666 703-905-4495 VERNON / GIF BREED | | 20,000 |

| (1)<br>NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2)<br>NAME, TELEPHONE & FAX NUMBER & COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3)<br>C/U/D/S | (4)<br>AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|
| CARDIAC SCIENCE CORPORATION<br>3303 MONTE VILLA PARKWAY<br>BOTHELL, WA  98021 | 800-991-5465<br>425-402-2012<br>ROB VAKA | U | 19,350 |
| COASTAL SUNBELT PRODUCE CO<br>8704 BOLLMAN PLACE<br>SAVAGE, MD  20763 | 301-317-4343<br>301-490-8821<br>Joe Saia | U | 18,188 |
| ST. JOHN KNITS<br>FILE #53854<br>17622 ARMSTRONG AVE.<br>IRVINE, CA  92612 | 949-225-8548<br>949-225-8655<br>LINDA ROME | U | 18,162 |
| ALLEGHANY T-SHIRTS<br>PO BOX 1219<br>FAIRLEA, WV  24902 | 304-645-1623<br>304-645-1636<br>CINDY OR CRYSTAL | U | 13,766 |
| JOHN B. TUDOR<br>21 KENSINGTON LANE<br>HUNTINGTON, WV  25705 | 304-529-3641<br>304-633-3646<br>JOHN TUDOR | | 12,177 |
| FIRST CITIZENS BANK<br>CENTRAL BANK OPERATIONS - DAC02 P.O. BOX 40; 1 E MAIN ST<br>WHITE SULPHUR SPRINGS, WV 24986 | 304-536-1400<br>304-536-4893<br>CINDI WEYEN | U | 12,148 |
| KENT CARTRIDGE AMERICA, INC.<br>P O BOX 849<br>KEARNEYSVILLE, WV  25430 | 888-311-5368<br>304-725-0454<br>JOE BEARD | U | 11,435 |
| CHRIS LILLY<br>2520 DANVILLE ROAD SW<br>DECATUR, AL  35603 | 256-350-0404<br>256-350-2250<br>CHRIS LILLY | | 10,600 |
| GEOSYNTEC CONSULTANTS<br>1108 THIRD AVE., STE. 600<br>HUNTINGTON, WV  25701 | 304-522-0470<br>304-522-0434 | | 10,000 |
| JANPAK/PAPER SUPPLY BLUEFD<br>P. O. BOX 49 ACCT #48835<br>BLUEFIELD, WV  24701 | 800-642-5874 /<br>304.325.8168<br>304.325.3391<br>MIKE FERRELL | U | 9,756 |

### DECLARATION REGARDING THE CONSOLIDATED LIST OF CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTOR

I, Michael McGovern, Chief Financial Officer of Greenbrier Hotel Corporation and its affiliated debtors, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my knowledge, information and belief.

Date:   March 19, 2009

By:   _Michael M. Govern_____
    Michael McGovern
    Chief Financial Officer of the Debtors

Greenbrier Entities

Consolidated Statement of Operations

(Profit Loss Statement)

| | January | February |
|---|---|---|
| Paid Social OR | 2,396 | 854 |
| Paid Group OR | <u>437</u> | <u>149</u> |
| Paid Occupied Rooms | 2,833 | 1,003 |
| | | |
| Hotel Rooms | 0 | 0 |
| Social Rooms Revenue | 823,729 | 250,273 |
| Social CH Rooms Revenue | 0 | 0 |
| Group Rooms Revenue | 102,444 | 38,257 |
| Group CH Rooms Revenue | 0 | 0 |
| Cottage Rooms | 0 | 0 |
| Cottage Rooms - Copeland Hill | 0 | 0 |
| EP - Hotel Rooms | 0 | 0 |
| EP - Cottage Rooms | 0 | 0 |
| EP - Copeland Hill | 0 | 0 |
| Guest Privilege Fee | 64,679 | 26,605 |
| Resort Fee Allocation | 0 | 0 |
| Labor Sales | 1,830 | 655 |
| **TOTAL ROOMS REVENUE** | **992,681** | **315,790** |
| TOTAL FOOD  REVENUE | 478,810 | 156,236 |
| TOTAL BANQUET REVENUE | 41,266 | 21,991 |
| TOTAL BEVERAGE REVENUE | 159,681 | 61,935 |
| **TOTAL FOOD & BEVERAGE REVENUE** | **679,757** | **240,162** |
| GREEN FEES | 1,277 | 695 |
| CART FEES | 1,365 | 573 |
| CLUB RENTAL | 935 | 100 |
| SHOE RENTAL | 14 | 0 |
| ACADEMY FEES | 0 | 0 |
| GOLF LESSON FEES | 0 | 0 |
| **TOTAL GOLF REVENUE** | **3,591** | **1,368** |
| SPA | 163,818 | 84,649 |
| SALON | 0 | 0 |
| EXERCISE | 2,122 | 721 |
| TRAINING REVENUE | 0 | 0 |
| TANNING BED | 0 | 0 |
| **TOTAL SPA & SALON REVENUE** | **165,940** | **85,370** |
| GUN | 16,735 | 3,033 |
| FISHING | 180 | 838 |
| HUNTING PRESERVE | 0 | 0 |
| EQUESTRIAN | 14,168 | 5,920 |
| BOWLING | 21,956 | 4,190 |
| ICE SKATING | 0 | 0 |
| TENNIS LESSON FEES | 5,285 | 4,640 |
| COURT FEES | 3,337 | 180 |
| CROQUET | 0 | 0 |
| COURSE FEES | 7,140 | 1,940 |
| **TOTAL OTHER RECREATION REVENUE** | **68,800** | **20,741** |
| MERCHANDISE | 359,920 | 185,648 |
| RETAIL ROYALTY | 0 | 0 |

Greenbrier Entities
Consolidated Statement of Operations
(Profit Loss Statement)

2

| | | |
|---|---:|---:|
| DESIGN FEES | 0 | 2,400 |
| STORE RENTS | 17,327 | 10,146 |
| **TOTAL MERCHANDISE REVENUE** | **377,247** | **198,194** |
| VALET | 1,618 | 216 |
| LAUNDRY | 3,781 | 2,086 |
| TRANSPORTATION OTHER | 0 | 0 |
| TRANSPORTATION | 2,131 | 1,740 |
| PARKING FEES | 11,812 | 6,892 |
| LONG DISTANCE | 1,398 | 438 |
| PAY STATIONS | 0 | 0 |
| GUEST SERVICE | 27 | 7 |
| FAX & INTERNET | 0 | 0 |
| WIRELESS | 0 | 0 |
| CONVENTION INSTALLATION | 318 | 0 |
| RENTAL INCOME | 0 | 0 |
| LABOR INCOME | 0 | 0 |
| PROPERTY MANAGEMENT | 0 | 0 |
| SOCIAL ACTIVITY FEES | 98,539 | 0 |
| ADVENTURE ZONE FEES | 6,288 | 973 |
| TOUR FEES | 22,646 | 10,668 |
| LIQUIDATED DAMAGES | 170,635 | 51,517 |
| CONSULTING INCOME | 0 | 0 |
| MANAGEMENT FEES | 13,011 | 13,011 |
| LODGENET COMMISSIONS | 270 | 173 |
| CONCESSIONAIRES | 857 | 838 |
| GSC OFFICE SPACE | 2,600 | 2,600 |
| GBR VALLEY LIMO SERVICE FEE | 97 | 52 |
| CONSESSIONAIRES NONRETAIL | 1,673 | 693 |
| BREAKAGE REVENUE | 2,811 | 4,896 |
| MISCELLANEOUS REVENUE | 5,355 | 5,665 |
| MEMBERSHIPS | 0 | 0 |
| ROOM SERVICES S/C | 157,505 | 56,644 |
| OTHER RESORT REVENUE | 0 | 0 |
| OLD WHITE DEV. SALES | 0 | 0 |
| ALLOWANCES | -3,476 | -4,191 |
| **TOTAL HOTEL SERVICES REVENUE** | **499,893** | **154,918** |
| **TOTAL REVENUES** | **2,787,909** | **1,016,542** |
| | | |
| COST OF SALES - F & B | 291,047 | 129,795 |
| COST OF SALES - RECREATION | 6,470 | 13,119 |
| COST OF SALES - RETAIL | 212,965 | 108,502 |
| COST OF SALES - OTHER | 7,107 | 11,212 |
| FREIGHT | 3,630 | 3,782 |
| COST OF SALES - LOTS | 0 | 0 |
| COST OF SALES - BUSINESS PROMOTION | 0 | 0 |
| **Cost of Sales** | **521,218** | **266,411** |
| WAGES | 2,101,011 | 2,152,566 |
| INCENTIVES | 911 | 0 |
| Bonus/MICP | 17,703 | 9,471 |
| SERVICE CHARGE | 216,696 | 82,801 |
| LESSON FEES | 6,531 | 2,591 |
| CREDIT FOR CAPITAL LABOR | -7,017 | -250 |

Greenbrier Entities
Consolidated Statement of Operations
(Profit Loss Statement)

3

| | | |
|---|---:|---:|
| LABOR CREDIT | -51,226 | -52,146 |
| **Salaries & Wages** | **2,284,609** | **2,195,032** |
| PAYROLL TAXES & BENEFITS | 394,378 | 271,985 |
| NON-PRODUCTIVE WAGES | 320,149 | 161,760 |
| EMPLOYEE BENEFITS | -3,212 | 555 |
| PENSION - UNALLOCATED | 80,076 | 152,628 |
| EMPLOYEE MEALS | 25,186 | 18,107 |
| 401K MATCH | 26,379 | 10,782 |
| UNION PENSION | 65,115 | 34,851 |
| HEALTH CARE | 891,889 | 855,403 |
| DENTAL CARE | 19,107 | 16,916 |
| OPEB | 13,605 | 13,605 |
| PHYSICALS & MOVING EXP | 1,340 | 24 |
| RESORT FEE CREDITS | 0 | 0 |
| BILLING CREDITS | -17,336 | -17,336 |
| SM1 HEALTH CARE/OTHER BENEFITS | 15,210 | 112,691 |
| WORKERS COMP FEES | 7,496 | -14,741 |
| WORKERS COMP PAYMENTS | 37,149 | 81,713 |
| LIFE | 5,144 | 5,053 |
| OTHER EMPLOYEE BENEFITS | 500 | 5,674 |
| EMPLOYEE APPRECIAITON | 470 | 51 |
| CREDIT FOR CAPITAL BENEFITS | -2,807 | -100 |
| **Benefits & Taxes** | **1,879,837** | **1,709,620** |
| SUPPLIES | 177,164 | 113,164 |
| PRINTING & STATIONERY | 25,131 | 6,206 |
| UTENSILS & FUEL | 2,187 | 1,343 |
| VEHICLE GAS & OIL | 6,872 | 5,917 |
| LINEN | 0 | 2,669 |
| SILVERWARE | 0 | 61 |
| CHINAWARE | 946 | 0 |
| GLASSWARE | -418 | 0 |
| POSTAGE | 3,478 | 2,369 |
| DRY CLEANING | 0 | 0 |
| TRAVEL AGENCY | 30,084 | -446 |
| OWNERS COMMISSIONS | 33,515 | -12,847 |
| LOST & DAMAGED | 92 | 0 |
| CREDIT CARD COMMISSIONS | 97,981 | 42,459 |
| RENT | 34,359 | 27,415 |
| MISCELLANEOUS | 14,960 | 16,278 |
| **DIRECT VARIABLE EXPENSE** | **426,352** | **204,586** |
| UNIFORMS | 14,682 | 5,689 |
| DECORATIONS | 50,341 | 7,325 |
| REPAIRS & MAINTENANCE | 42,321 | 31,566 |
| FURNITURE | 1,063 | 0 |
| CURTAINS & DRAPES | 326 | 0 |
| FLOOR COVERING | 0 | 0 |
| TV | 6,996 | 16,107 |
| MUSIC | 19,298 | 18,330 |
| ENTERTAINERS | 21,968 | 0 |
| THEATRE | 1,095 | 8,389 |
| **DIRECT FIXED EXPENSE** | **158,090** | **87,406** |
| SATELITE SALES EXPENSES | 0 | 0 |

Greenbrier Entities
Consolidated Statement of Operations
(Profit Loss Statement)

4

| | | |
|---|---:|---:|
| ADVERTISING | 195,832 | 143,336 |
| BUSINESS PROMOTION | 47,262 | -15,710 |
| CONTRACT SERVICES | 9,590 | 8,696 |
| PROFESSIONAL FEES | 314,086 | 505,997 |
| IT EXPENSE | 17,736 | 14,120 |
| TRAINING | 50 | 270 |
| T & E | -30 | 5,991 |
| SUBSISTENCE | 0 | 0 |
| DUES & SUBSCRIPTIONS | 1,186 | 381 |
| TAX PENALTIES | 0 | 0 |
| CONTRIBUTIONS | 0 | 0 |
| CASHIER OVER & SHORT | 4,988 | 167 |
| AIRLINE SERVICE FEES | 14,583 | 0 |
| TELEPHONE | 0 | 0 |
| RECRUITING | 2,141 | 593 |
| REGISTRATIONS FEES | 137 | 3,347 |
| PROVISION FOR DOUBTFUL ACCOUNT | -50,338 | 12,329 |
| INTEREST INCOME GBR | 0 | 0 |
| INTEREST INCOME CSX | 0 | 0 |
| CSX A/R YIELD | 7,940 | 0 |
| INTEREST EXPENSE CSX | 48,494 | 36,834 |
| OTHER INCOME - RESTRICT ASSECC | 0 | 0 |
| OBSOLETE INVENTORY INCOME | -5,584 | -4,612 |
| MISC. HOUSEKEEPING SALES | -350 | 0 |
| VENDING MACHINES | 24 | -38 |
| CASH DISCOUNTS | -448 | -357 |
| GAIN OR LOSS | 0 | 0 |
| ROYALTY LICENSE FEE - CSXIP | 0 | 0 |
| FINANCE CHARGES | 436 | 0 |
| WATER AND STEAM FEES | 0 | 0 |
| MISCELLANEOUS INCOME | 6,743 | -387 |
| EXTRAORDINARY ITEM | 0 | 99,573 |
| **INDIRECT VARIABLE EXPENSE** | **614,478** | **810,530** |
| LICENSE | 1,829 | 1,721 |
| INSURANCE | 46,014 | 47,562 |
| CSX DISCOUNTS | 29,795 | 2,009 |
| CSXIP ROYALTY | 35,125 | 35,125 |
| UTILITIES | 727 | 3,323 |
| ELECTRICITY | 97,087 | 115,144 |
| GAS | 176,191 | 201,682 |
| SEWAGE | 21,345 | 20,953 |
| WATER | 273 | 242 |
| NEGOTIATIONS | 157,161 | 25,000 |
| PROPERTY TAX | 77,838 | 77,838 |
| FRANCHISE TAX | 0 | 0 |
| USE TAX | 1,982 | 181,292 |
| DEPRECIATION | 0 | 0 |
| **INDIRECT FIXED EXPENSE** | **645,367** | **711,891** |
| **TOTAL EXPENSES** | **6,529,951** | **5,985,476** |
| | | |
| **PRE-TAX INCOME** | **-3,742,042** | **-4,968,934** |

GREENBRIER HOTEL CORPORATION

**BALANCE SHEET** [1]

**February 20, 2009**

| Hyperion Acct # | Description | $ |
|---|---|---|
| | **ASSETS** | |
| 10100000 | Cash | (169) |
| 10120000 | Cash Pool Affil; **CORPCP** | - |
| CASH & CASH EQUIVALENTS | | (169) |
| 10550000 | A/R | 1,356 |
| 10560000 | Reserve for Bad Debts | (57) |
| 10570000 | A/R - Affil; **CORPCP** | - |
| 10582000 | A/R Purch / Sold Affil; **CBUSCP** | - |
| ACCOUNTS RECEIVABLE | | 1,299 |
| 13530000 | Other Prepaid Expenses | 733 |
| PREPAID EXPENSES | | 733 |
| 14000000 | Materials & Supplies Inventory | - |
| MATERIALS AND SUPPLIES | | - |
| TOTAL CURRENT ASSETS | | 1,863 |
| 15010000 | Properties; Beginning Balance **BGBAL** | 1 |
| 15010000 | Properties; Additions / Charges **ADDTN** | - |
| 15010000 | Properties; Disp/Retirements **DSPRT** | - |
| 15010000 | Properties; Other | - |
| PROPERTIES | | 1 |
| 15020000 | Accumulated; Beginning Balance **BGBAL** | (1) |
| 15020000 | Accumulated; Additions / Charges **ADDTN** | - |
| 15020000 | Accumulated; Disp/Retirements **DSPRT** | - |
| ACCUMULATED DEPRECIATION | | (1) |
| PROPERTIES - NET | | - |
| 18170000 | Other Deferred Charges | 60 |
| L T DEFERRED CHARGES | | 60 |
| 19021000 | Other LT Assets | 2,590 |
| OTHER L T ASSETS | | 2,590 |
| TOTAL NONCURRENT ASSETS | | 2,650 |
| TOTAL ASSETS | | 4,513 |

| Hyperion Acct # | Description | $ |
|---|---|---|
| | **LIABILITIES** [2] | |
| 20130000 | Accounts Payable | 175 |
| 20140000 | A/P - Affil; **CBUSCP** | 3,000 |
| 20140000 | A/P - Affil; **CORPCP** | 319 |
| 20140000 | A/P - Affil; **CYBRTC** | 2,945 |
| 20140000 | A/P - Affil; **INSRCP** | 97 |
| **TRADE ACCOUNTS PAYABLE** | | 6,536 |
| 20400000 | Labor Payable | 4,383 |
| 20540000 | Accum Postretire Bne Obligtn Curr Liab | 142 |
| 20550000 | Other Fringe Benefits Payable | (28) |
| **LABOR & FRINGE PAYABLE** | | 4,497 |
| 20610000 | Cur Adv Pay Incr Affil; **CORCP** | - |
| 20620000 | Cur Adv Pay Decr Affil; **CORCP** | - |
| 22511000 | Curr FIT Payable; **BGBAL** | (1,416) |
| 22511000 | Curr FIT Payable; **ACCRL** | 1,416 |
| 22513100 | Curr FIT Payments Affil; **CORPCP** | - |
| **CURRENT FEDERAL INCOME TAXES PAYABLE** | | - |
| 22521000 | Curr SIT Payable; **BGBAL** | (150) |
| 22521000 | Curr SIT Payable; **ACCRL** | (24) |
| 22523100 | Curr SIT Pmnts Affil; **CORPCP** | - |
| 22524100 | Curr SIT Refund Affil; **CORPCP** | - |
| **CURRENT STATE INCOME TAXES PAYABLE** | | (174) |
| 22591000 | Curr Def inc Taxes Payable; **FEDRL** | - |
| 22591000 | Curr Def Inc Taxes Payable; **STATE** | - |
| **CURRENT INCOME TAXES PAYABLE** | | - |
| 22611000 | Other Tax Payable; Beginning **BGBAL** | 109 |
| 22611000 | Other Tax Payable; **ACCRL** | (24) |
| **OTHER TAXES PAYABLE** | | 85 |
| 22621000 | Property Tax Payable; **BGBAL** | 953 |
| 22621000 | Property Tax Payable; **ACCRL** | 166 |
| 22621000 | Property Tax Payable; **PAYMT** | - |
| **PROPETY TAX PAYABLE** | | 1,119 |
| 22631000 | Franchise Tax Payable; **BGBAL** | - |
| 22631000 | Franchise Tax Payable; **ACCRL** | - |
| 22634000 | Franchise Tax Payable: Pmts Affil; **CORPCP** | - |
| **FRANCHISE TAX PAYABLE** | | - |
| **PROPERTY, FRANCHISE & OTHER TAXES PAY** | | 1,665 |
| **TOTAL INCOME AND OTHER TAXES PAYABLE** | | 1,491 |
| 10120000 | Cash Pool Affil; **CORPCP** | 82,873 |
| **INTERCOMPANY PAYABLE -CASH POOL** | | 82,873 |
| 24000000 | Other Current Liabilities - Adv. Room Deposits/Litigation Claims | 4,805 |
| **OTHER CURRENT LIABILITIES** | | 4,805 |
| **TOTAL CURRENT LIABILITIES** | | 100,202 |

| Hyperion Acct # | Description | $ |
|---|---|---|
| 28500000 | Deferred Gain | 472 |
| 28610000 | Pension Plan Liability | 31,896 |
| 28611000 | Accum Postretirement Benefit Obligation | 1,426 |
| 28615000 | Accrued Def Comp | - |
| 28621000 | Other LT Liabilities - Advance Room Deposits | 1,223 |
| | OTHER LONG TERM LIABILITIES | 35,017 |
| 28700000 | L T Defer Inc Tax Liab; FEDRL | (6,997) |
| 28700000 | L T Defer Inc Tax Liab; STATE | (38) |
| | L T DEFERRED INCOME TAXES | (7,035) |
| 29900000 | Minority Interest Accrual; BGBAL | - |
| 29900000 | Minority Interest Accrual; EARNG | - |
| 29900000 | Minority Interest Accrual: Pmt | - |
| | MINORITY INTEREST | - |
| I/C | Greenbrier Resort Mgmt Co(Copeland Hill) | - |
| I/C | Old White Development Co | - |
| I/C | GRMC II | - |
| I/C | CSX IP | 5,499 |
| I/C | CSX IA | 4 |
| | I/C TOTAL | 5,503 |
| | NONCURRENT LIABILITIES | 33,485 |
| | TOTAL LIABILITIES | 133,687 |
| | **EQUITY** | |
| 32010000 | Common Stock Beg Bal Affil; CORPCP | 50 |
| 32210000 | Com St Retired-Treasury St Affil; CORPCP | - |
| | COMMON STOCK | 50 |
| 35000000 | Other Capital; ADDTN | (9,600) |
| 35010000 | Other Capital Beg Bal Affil; CORPCP | 11,846 |
| 35110000 | Other Capital Issued Affil; CORPCP | - |
| 35310000 | Other Capital Additions Affil; CORPCP | - |
| 35410000 | Other Capital Other Chg Affil; CORPCP | - |
| | OTHER CAPITAL | 2,246 |
| 37010000 | Ret Earn Beg Bal Affil; CORPCP | (94,812) |
| 37110000 | Ret Earn Net Earnings Affil;CORPCP | (8,037) |
| | RETAINED EARNINGS | (102,388) |
| 37110000 | Ret Earn Net Earnings Affil;GRNBRS | 842 |
| 37210000 | Ret Earn Common Divids Affil; CORPCP | - |
| 37310000 | Ret Earn Other Affil; CORPCP | - |
| 37400000 | Minimum Pension Liability; BGBAL | (271) |
| 37400000 | Minimum Pension Liability; ADJMT | - |
| 37450000 | Pension AOCI-Affil; CORPCP | (29,273) |
| 37650000 | OPEB AOCI-Affil; CORPCP | (381) |
| | ACCUM OTHER COMP EARNINGS | (29,083) |
| | TOTAL SHAREHOLDERS' EQUITY | (129,175) |
| | TOTAL LIABILITIES & SHAREHOLDERS' EQUITY | 4,512 |

[1] This balance sheet is unaudited and prepared in accordance with GAAP accounting.

[2] Liabilities include both contingent and unliquidated amounts which may be overstated
    based on activity in the ensuing month.

**GREENBRIER HOTELS CORP.**
**CASH FLOW STATEMENT (000's)**
**February 20, 2009**

| Hyperion Acct # | Description | |
|---|---|---|
| CFO_1010 | Net Earnings (Loss) Affil; **CORPCP** | (8,037) |
| **NET EARNINGS (LOSS)** | | **(8,037)** |
| CFO_1200 | Depreciation | - |
| **DEPRECIATION AND AMORTIZATION** | | **-** |
| CFO_1320 | Current Def Inc Taxes Payable; Federal | 8,975 |
| CFO_1320 | Current Def Inc Taxes Payable; State | (2,875) |
| CFO_1330 | L T Defer Inc Tax Liab;Federal | (8,976) |
| CFO_1330 | L T Defer Inc Tax Liab;State | 2,875 |
| **DEFERRED INCOME TAXES** | | **(1)** |
| CFO_2006 | Minority Interest Accr-Charge to Earnin | - |
| CFO_2012 | Accum Postretirement Benefit Obligation | 27 |
| CFO_2053 | Other Long Term Assets | 9,600 |
| CFO_2062 | Pension Plan Assets & Liabilities | 197 |
| **OTHER OPERATING ACTIVITIES** | | **9,824** |
| CFO_2102 | A/R | 1,358 |
| CFO_2104 | Reserve for Bad Debts | (42) |
| CFO_2112 | A/R Purchases / Sold Affil; **CBUSCP** | (3,000) |
| **ACCOUNTS RECEIVABLE** | | **(1,684)** |
| CFO_2500 | Materials & Supplies Inventory | - |
| **MATERIALS & SUPPLIES** | | **-** |
| CFO_2630 | Other Prepaid Expenses | (367) |
| **OTHER CURRENT ASSETS** | | **(367)** |
| CFO_2700 | A/P | 166 |
| CFO_2710 | A/P - Affil; **CBUSCP** | (16) |
| CFO_2710 | A/P - Affil; **CORPCP** | (794) |
| CFO_2710 | A/P - Affil; **CYBRTC** | (4,223) |
| CFO_2710 | A/P - Affil; **INSRCP** | 97 |
| **CURRENT TRADE ACCOUNTS PAYABLE** | | **(4,770)** |
| CFO_3000 | Labor Payable | (874) |
| CFO_3040 | Accum Postretire Ben Obligtn Curr Liab | (1) |
| CFO_3050 | Other Fringe Benefits Payable | (52) |
| **LABOR & FRINGE PAYABLE** | | **(927)** |
| CFO_3100 | Curr Fedl Inc Tax Payable; Accruals | 1,416 |
| CFO_3102 | Curr Fedl Inc Tax Payments Affil; **CORPCP** | - |
| CFO_3104 | Curr Fedl Inc Tax Refund; Affil | - |
| CFO_3110 | Curr State Inc Tax Payable; Accruals | (24) |
| CFO_3112 | Curr State Inc Tax Payments Affil; **CORPCP** | - |
| CFO_3114 | Curr State Inc Tax Refund Affil; **CORPCP** | - |
| CFO_3130 | Other Taxes Payble: Accruals | (24) |
| CFO_3140 | Property Tax Payabl; Accruals | 166 |
| CFO_3140 | Property Tax Payabl; Payment | - |
| CFO_3150 | Franchise Tax Payable; Accruals | - |
| CFO_3152 | Franchise Tax Payable; Pmt; Affil **CORPCP** | - |
| **INCOME AND OTHER TAXES PAYABLE** | | **1,534** |
| | Incr (Decr)in Cash Pool Affil: **CORPCP** | 12,599 |
| **INTERCOMPANY PAYABLE-CASH POOL** | | **12,599** |
| | Intercompany | (3,228) |
| CFO_3300 | Other Current Libilities | 933 |
| **OTHER CURRENT LIBILITIES** | | **(2,295)** |
| **WORKING CAPITAL CHANGES** | | **-** |
| **CASH PROV (USED) BY OPERATING ACTIVIITES** | | **5,876** |
| CFI_4400 | Property Additions | - |
| **PROPERTY ADDITIONS** | | **-** |
| CFI_4600 | Property Dispostions/Retirements | - |
| CFI_4660 | Accum Depr - Property Desp/Retir | - |
| **PROCEEDS FROM PROPERTY DISPOSITIONS** | | **-** |
| CFI_5550 | Other Deferred Charges | 1 |

**GREENBRIER HOTELS CORP.**
**CASH FLOW STATEMENT (000's)**
**February 20, 2009**

| Hyperion Acct # | Description | |
|---|---|---:|
| CFI_5558 | Other Property Changes | - |
| OTHER INVESTING ACTIVITIES | | 1 |
| CASH PROV (USED) BY INVESTING ACTIVITES | | 1 |
| CFF_7310 | Other Capital Additions Affil;**CORPCP** | (9,600) |
| CFF_7320 | Other Capital Other Chg | |
| OTHER CAPITAL ADDITIONS | | (9,600) |
| CFF_7550 | Ret Earn Other Affil: **CORPCP** | 842 |
| CFF_7560 | Ret Earn Minimum Pension Liab; Adjustment | - |
| RETAINED EARNINGS OTHER | | 842 |
| CFF_7600 | Minority Interest Other-Other/Dvdnd | - |
| CFF_7604 | Other Deferred Credits | - |
| CFF_7605 | Minimum Pension Liability | - |
| CFF_7607 | Minimum Pension Liability Affil | - |
| CFF_7614 | Accrued Deferred Compensation | - |
| CFF_7626 | Other LT Liabilities | 16 |
| CFF_7635 | Other Post Retirement Benefits Affil | - |
| OTHER FINANCING ACTIVITES | | 16 |
| CASH PROV (USED) BY FINANCING ACTIVITIES | | (8,742) |
| CALC INC (DECR) IN CASH & CASH EQUIVLNTS | | (2,865) |
| CFF_7700 | Incr (Decr) in Cash | 2,865 |
| CFF_7720 | Incr (Decr)in Cash Pool Affil: **CORPCP** | - |
| CHANGE IN CASH & CASH EQUIVALENTS | | 2,865 |

[TAX DOCUMENTS WITHHELD PENDING ORDER OF COURT ON
DEBTORS' MOTION TO SEAL]