Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Greenbrier Hotel Corporation, et al., | : | Case No. 09-_____ (___) |
| | : | |
| Debtors. | : | (Joint Administration Pending) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO HONOR CERTAIN GUEST PROGRAMS
AND PREPETITION GUEST-RELATED OBLIGATIONS AND
(II) DIRECTING BANKS TO HONOR PREPETITION CHECKS
FOR PAYMENT OF SUCH OBLIGATIONS**

The debtors and debtors in possession in the above-captioned cases (collectively, the

"**Debtors**")[1], hereby move (the "**Motion**") for entry of an order substantially in the form attached

hereto, pursuant to sections 105(a), 363, 507(a)(7), 1107, 1108, and 1129 of Title 11 of the

United States Code (the "**Bankruptcy Code**") and Rule 6003 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") authorizing, but not directing, the Debtors to honor certain

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: (i) Greenbrier Hotel Corporation (2133);
(ii) The Greenbrier Resort and Club Management Company (8589); (iii) Greenbrier IA, Inc. (6471); (iv) The Old
White Development Company (3021); (v) Old White Club Corporation (0031); and (vi) Greenbrier Golf and Tennis
Club Corporation (0033). Each of the Debtors has a mailing address of 300 W. Main Street, White Sulphur Springs,
WV 24986-2075.

guest programs and prepetition guest-related obligations that the Debtors deem necessary and in

the best interests of their estates, creditors and other stakeholders and directing banks to honor

prepetition checks for payment of such obligations.  In support of the Motion, the Debtors rely

upon and incorporate by reference the Affidavit of Michael McGovern, Chief Financial Officer

of Greenbrier Hotel Corporation, in Support of Chapter 11 Petitions and First Day Pleadings (the

"**McGovern Affidavit**"), filed with the court contemporaneously herewith and which is fully

incorporated herein by reference.[2]  In further support of the Motion, the Debtors respectfully

represent as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these cases and this

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are sections 105(a) and 331

of the Bankruptcy Code.

## BACKGROUND

3.     On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in

this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding

the Debtors, including their business operations, their capital and debt structure, and the events

leading to the filing of these bankruptcy cases, is set forth in detail in the McGovern Affidavit,

which is fully incorporated herein by reference.

4.     The Debtors continue to operate their businesses as debtors in possession pursuant

to sections 1107 and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the McGovern
Affidavit.

5.    No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

### RELIEF REQUESTED

6.    By this Motion, the Debtors seek entry of an order authorizing, but not directing, the Debtors to honor certain guest-related programs, including gift certificates and gift cards, guest "Invite-Backs," deposits, hotel concessionaire remittances, reimbursement for any minor damage to guest property, and certain charitable and community programs, in the ordinary course of the Debtors' business, including any prepetition obligations arising from such programs.

### BASIS FOR RELIEF

**A.    Overview of Guest Programs**

7.    Prior to the Petition Date, the Debtors offered certain services to guests of The Greenbrier and engaged in certain practices to develop and sustain a positive experience at The Greenbrier and a positive reputation in the community, including, but not limited to, offering gift cards and gift certificates, honoring "invite-back" offers for certain guests, accepting guest and corporate deposits, reimbursing hotel concessionaires for payments processed through the hotel for the convenience of hotel guests, honoring claims for minor property damage to guest property, and participating in certain charitable programs (collectively, the "**Guest Programs**").

8.    The goals of the Guest Programs are to develop and maintain guest loyalty, encourage repeat business, and ensure guest satisfaction, thereby retaining current guests, attracting new guests, and, ultimately, increasing revenue. Additionally, collecting guest and group deposits is crucial to the Debtors' ability to recognize bookings as firm commitments and to schedule purchases and employee resources accordingly. Offering guests assurances that their

deposits will be honored postpetition is essential to prevent cancellations of already-booked business and attracting new bookings postpetition.

9.      The success and viability of the Debtors' business, and ultimately, the Debtors' ability to successfully conclude these cases, is dependent upon the patronage and loyalty of the Debtors' guests.  In this regard, the Debtors believe, in their sound business judgment, that continuation of the Guest Programs is critical, and any delay in honoring the Debtors' obligations under the Guest Programs would severely and irreparably impair guest relations. Similar Guest Programs are offered by the Debtors' competitors and, as such, guests of The Greenbrier expect the Debtors to provide such programs.  The Debtors believe that any delay in honoring their obligations under the Guest Programs will severely and irreparably impair guest relations and result in a loss of business to The Greenbrier.

**B.      Gift Certificates and Gift Cards**

10.      In the ordinary course of their business, the Debtors offer gift certificates (the "**Gift Certificates**") for sale to the general public, which may be redeemed for lodging at The Greenbrier and use of resort's amenities, including, but not limited to spa services, dining, and golf.  The Debtors estimate that, as of the Petition Date, the total unredeemed amount outstanding under the Gift Certificates is approximately $450,000.[3]

11.      In addition, the Debtors offer gift cards (the "**Gift Cards**") for sale, which may be redeemed for various services at The Greenbrier, including, but not limited to, food, golf, spa services, and other activities, but which are not redeemable for lodging.  The Debtors estimate that as of the Petition Date, the total unredeemed amount outstanding under the Gift Cards is approximately $18,000.

---

[3] The Debtors cannot determine the exact amount of outstanding obligations related to Gift Certificates because each Gift Certificate entitles the holder to unlimited use of the resort's facilities for the number of nights indicated on the Gift Certificate.

12.     By this Motion, the Debtors seek authority, but not direction, to honor the Gift Certificates and Gift Cards issued and outstanding as of the Petition Date, and authority to continue honoring, in their discretion, Gift Certificates and Gift Cards issued postpetition in the ordinary course of their business.

**C.     Guest Invite-Backs**

13.     In the ordinary course of their business, the Debtors issue "Invite-Back" letters (the "**Invite-Back Letters**") from time to time to certain guests entitling the named guest to complimentary services, as specified in the letter.  The Debtors generally issue such Invite-Back Letters to accommodate the guests for service issues during a previous stay.  The Debtors estimate that, as of the Petition Date, the total unredeemed amount outstanding under the Invite-Back Letters is no more than $33,000.[4]

14.     By this Motion, the Debtors seek authority, but not direction, to honor the Invite-Back Letters issued and outstanding as of the Petition Date, and authority to continue honoring, in their discretion, Invite-Back Letters issued postpetition in the ordinary course of their business.

**D.     Guest Deposits**

15.     In the ordinary course of their business, the Debtors receive funds from guests and corporate sponsors as deposits in connection with, among other things, hotel stays, group sales, prepayments on golf and other amenities, and banquet and conference room reservations (the "**Guest Deposits**").  In most instances, the depositor utilizes the Debtors' services, and the Guest Deposits are applied against the cost of the accommodations and amenities utilized by the depositor.  Occasionally, guests may cancel reservations, and the Debtors may be obligated to

---

[4] Similar to Gift Certificates and Gift Cards, the Debtors cannot determine the exact amount of outstanding obligations related to Invite-Back Letters because each letter entitles the holder to one or more services, such as a complimentary night of lodging or dinner in a resort dining outlet, rather than a designated credit amount.

refund all or part of the Guest Deposits in accordance with the Debtors' refund policies. The

Debtors believe that as of the Petition Date, the aggregate amount of the Guest Deposits is

approximately $2,138,325.

16.    By this Motion, the Debtors seek authority, but not direction, to honor their

prepetition Guest Deposit obligations and to continue honoring, in their discretion, Guest

Deposits in the ordinary course of business, including application of prepetition Guest Deposits

against the cost of amenities and accommodations provided by the Debtors after the Petition

Date. In addition, the Debtors seek authority, but not direction, to refund Guest Deposits,

including prepetition Guest Deposits, in the Debtors' discretion and in accordance with the

Debtors' refund policies.

**E.    Concessionaire Payments**

17.    Various concessionaires operate retail and other businesses on the Debtors'

property for the benefit of the Debtors' hotel guests. As part of the Debtors' Guest Programs, the

Debtors allow hotel guests to shop and utilize services provided by the concessionaires while any

charges incurred are added to the guests' hotel bills. The Debtors collect from the guests the

funds that are due to the concessionaires, and these funds are then remitted by the Debtors to the

concessionaires each Thursday for the charges relating to the week prior (collectively, the

"**Concessionaire Payments**"). As of the Petition Date, the Debtors believe that the aggregate

amount of Concessionaire Payments collected by the Debtors but not yet remitted to the

concessionaires is approximately $15,000.

18.    By this Motion, the Debtors seek authority, but not direction, to honor their

prepetition Concessionaire Payment obligations and to continue honoring, in their discretion,

6

Concessionaire Payments in the ordinary course of business, including application of prepetition

Concessionaire Payments against the obligations that become due after the Petition Date.

**F.      Guest Property Reimbursement**

19.     On occasion, the Debtors' guests may request reimbursement for minor property

damage to the guests' property that might occur during the guests' stay at The Greenbrier (the

"**Guest Property Reimbursements**").  The Debtors do not believe that the amount of Guest

Property Reimbursements existing as of the Petition, if any, will be material.  Nevertheless, by

this Motion, the Debtors seek authority, but not direction, to compensate guests for any Guest

Property Reimbursements, including prepetition amounts, if any, and to continue paying, in their

discretion, Guest Property Reimbursements in the ordinary course of business.

**G.      Charitable Programs**

20.     The Debtors participate in certain charitable and community programs (the

"**Charitable Programs**") in which the Debtors collect funds from employees or sponsors of

charity or fundraising events to be hosted at the Debtors' property.  The funds collected from the

employees and sponsors are then used to pay the expenses of the events, with remaining funds

distributed to the charity or fundraising goal.  On occasion, the Debtors make deposits into a

dedicated account funded with amounts donated by employees relating to the "United Fund" to

be distributed to certain charitable groups.  In addition, the Debtors hold a balance of

approximately $8,500 in funds designated to other Charitable Programs.  By this Motion, the

Debtors seek authority, but not direction, to continue to pay the obligations arising under such

Charitable Programs and to continue honoring, in their discretion, Charitable Programs in the

ordinary course of their business.

21.    The Debtors believe, in their sound business judgment, that the Guest Programs are an integral part of their relationship with their guests, and failing to honor the Guest Programs could result in a deterioration of guest relationships and negative publicity regarding The Greenbrier.  Therefore, the Debtors believe that honoring the Guest Programs is critical.

22.    Finally, the Debtors seek an order authorizing and directing the Debtors' banks to receive, process, honor, and pay all of the Debtors' prepetition checks and fund transfers on account of any of the Guest Programs, and prohibiting the Debtors' banks from placing any holds on, or attempting to reverse, any automatic transfers to any account initiated on account of any of the Guest Programs.

23.    The Debtors also seek an order authorizing, but not directing, them to issue new postpetition checks or effect new postpetition fund transfers on account of prepetition obligations incurred under the Guest Programs to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

## APPLICABLE AUTHORITY

### A.    Bankruptcy Code Section 507(a)(7) Authorizes Honoring the Guest Programs and Obligations.

24.    A portion of the Guest Programs may be entitled to priority treatment pursuant to section 507(a)(7) of the Bankruptcy Code, which grants priority to

> allowed unsecured claims of individuals, to the extent of $2,425 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

11 U.S.C. § 507(a)(7).  Certain claims arising on account of Guest Deposits, Gift Certificates, and Gift Cards could constitute deposits as defined in section 507(a)(7) of the Bankruptcy Code. "The ostensible purpose of the seventh priority is to protect consumers who make deposits for

goods or services . . . that were not provided to the consumers at the time the debtor filed for

bankruptcy." 2 Collier on Bankruptcy, ¶ 507.08 (15th ed. Rev. 2007); see also In re Tart's T.V.,

Furniture & Appliance Co. Inc., 165 B.R. 171, 173 (Bankr. E.D.N.C. 1994) (finding that holders

of extended warranty claims are entitled to priority under § 507(a)(7)). A portion of the money

collected prepetition by the Debtors pursuant to the Guest Programs falls within this priority

category.

25.    To the extent the Guest Program obligations represent priority claims, holders of

such claims are entitled to receive payment in full under a chapter 11 plan pursuant to section

1129(a)(9) of the Bankruptcy Code. The Debtors, therefore, believe that the relief requested

herein will not prejudice other creditors of their estates.

**B.    Honoring Guest Programs and Prepetition Arising Thereunder Is Appropriate
Under Bankruptcy Code Section 363.**

26.    Under section 363 of the Bankruptcy Code, a bankruptcy court is empowered to

authorize a chapter 11 debtor to expend funds in the bankruptcy court's discretion outside the

ordinary course of business. See 11 U.S.C. § 363. In order to obtain approval for the use of

estate assets outside the ordinary course of business, the debtor must articulate a valid business

justification for the requested use. See In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr.

S.D.N.Y. 1985). The preservation and protection of a debtor's business, the retention of a

debtor's guest base and the maintenance of guest loyalty provide a sufficient business

justification for maintenance of the Guest Programs, even if payment under such programs were

deemed to be outside the ordinary course of business. See id. at 175.

27.    Accordingly, this Court should grant the relief requested herein pursuant to

section 363 of the Bankruptcy Code.

C. **Honoring Guest Claims and Obligations and Maintaining the Guest Programs Is Appropriate Under Sections 1107(a) and 1108.**

28.     The Debtors, operating their businesses as debtors in possession under Bankruptcy Code sections 1107(a) and 1108, are fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners." In re CoServ, L.L.C., 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 debtor in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." Id.

29.     Courts have noted that there are instances in which a debtor in possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." Id. The CoServ court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." Id. at 498. The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

Id. at 498.

30.     Maintaining the Guest Programs meets each element of the CoServ court's standard. First, as described above, the success and ultimate viability of the Debtors' businesses is dependent upon the loyalty of The Greenbrier's guests. In the Debtors' business judgment, the uninterrupted maintenance of their Guest Programs is essential to maintaining such loyalty.

31.     Second, the disruption and adverse publicity that would necessarily result from discontinuing the Guest Programs would threaten the Debtors' guest base and ultimately, their ability to successfully conclude these bankruptcy cases, thereby causing harm to the Debtors that may be grossly disproportionate to the cost of the Guest Programs.

32.     Third, the Debtors have examined other options short of continuation of the Guest Programs and have determined that to avoid significant disruption of the Debtors' business operations there exists no practical or legal alternative to payment of such obligations.

33.     Therefore, the Debtors can meet their fiduciary duties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code only by maintaining the Guest Programs.

**D.     Bankruptcy Code Section 105 and the Doctrine of Necessity Support Maintenance of the Guest Programs.**

34.     Continuation of the Guest Programs in the ordinary course may also be authorized under section 105(a) of the Bankruptcy Code and the "doctrine of necessity."

35.     Under section 105 of the Bankruptcy Code, this Court "may issue any order . . . that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a).  For the reasons set forth above, and in light of the need for the Debtors to preserve the going concern value of their businesses through, among other things, the maintenance of the Guest Programs, the relief requested herein is proper and should be granted.

36.     The continuation of the Guest Programs is further supported by the doctrine of necessity.  The doctrine of necessity is a well-settled doctrine that permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the reorganization process where the payment of such claims is necessary to the reorganization.  See In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a

pre-petition obligation when essential to the continued operation of the debtor[,]" and must show

a "substantial necessity."); see also In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999)

(stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the

doctrine of necessity should be invoked to permit payment).

37.    The doctrine of necessity is a widely accepted component of modern bankruptcy

jurisprudence.  See In re NVR L.P., 147 B.R. at 127 ("[T]he 'necessity of payment' rule is a

narrow exception well-established in bankruptcy common law."); Just For Feet, 242 B.R. at 826

(approving payment of key inventory suppliers' prepetition claims when such suppliers could

destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales

season).

38.    For the reasons discussed herein, it is evident that maintenance of the Guest

Programs, including payment of any prepetition obligations associated therewith, is necessary to

the Debtors' ability to successfully conclude these bankruptcy cases.  In particular, absent

continuation of the Guest Programs, the Debtors' businesses and operations will be detrimentally

impacted due to the resulting injury to the Debtors' reputation and loss of consumer loyalty

during a critical time for the Debtors and their businesses.  Hence, this Court should exercise its

equitable powers to grant the relief requested in this Motion.

**E.    Payment of the Prepetition Obligations Under the Guest Programs Is Warranted
Under Bankruptcy Rule 6003.**

39.    Similarly, the relief requested is warranted under Bankruptcy Rule 6003, which

provides:

> Except to the extent that relief is necessary to avoid immediate and irreparable
> harm, the court shall not, within 20 days after the filing of the petition, grant relief
> regarding the following: . . . (b) a motion to use, sell, lease, or otherwise incur an
> obligation regarding property of the estate, including a motion to pay all or part of

a claim that arose before the filing of the petition, but not a motion under Rule 4001.

Fed. R. Bankr. P. 6003.

40.    No court within the Fourth Circuit has interpreted the "immediate and irreparable harm" language in the context of Bankruptcy Rule 6003 in any reported decision.[5]  However, the Fourth Circuit Court of Appeals has interpreted the same language in the context of preliminary injunctions.  In that context, irreparable harm has been interpreted as a continuing harm that cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.  See, e.g., Hughes Network Systems, Inc. v. Interdigital Communications Corp., 17 F.3d 691, 694 (4th Cir. 1994).  Further, the harm must be shown to be actual and imminent, not speculative or unsubstantiated.  See, e.g., Scotts Co. v. United Industries Corp., 315 F.3d 264, 283, (4th Cir. 2002) (citing Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991)).

41.    The Guest Programs sustain a positive reputation in the community, ensure guest loyalty and satisfaction, and prevent the driving away of valuable customers that would result if the Debtors did not honor their obligations to their guests.  Therefore, to the extent that the requirements of Bankruptcy Rule 6003 are applicable to the relief requested in the Motion, the Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm as defined by the Fourth Circuit Court of Appeals.

42.    Accordingly, the Court should allow the continuation of the Guest Programs.

---

[5]   Although there is not direct authority concerning Bankruptcy Rule 6003 in the Fourth Circuit, at least one bankruptcy court, applying Bankruptcy Rule 6003, concluded that first-day relief in a similar context was warranted because such relief was necessary to avoid irreparable harm.  See In re First NLC Fin. Servs., LLC, 382 B.R. 547, 549-50 (Bankr. S.D. Fla. 2008) (holding that Rule 6003 permits entry of retention orders on an interim basis to avoid irreparable harm).

43.     Where retaining the loyalty of customers is critical to the success of a chapter 11 case, courts in this District and elsewhere have authorized debtors to honor certain prepetition obligations to customers and to continue customer programs.  See, e.g., In re S & K Famous Brands, Inc., Case No. 09-30805 (KRH) (Bankr. E.D. Va. Feb. 29, 2009); In re Circuit City Stores, Inc., Case No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 10, 2008); In re Movie Gallery, Inc., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); see also In re Tropicana Entertainment, LLC, Case No. 08-10856 (KJC) (Bankr. D. Del. May 5, 2008).

44.     Nothing herein shall be deemed an assumption or adoption of any policy, program, practice, contract, or agreement or shall otherwise affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract or unexpired lease.

45.     The Debtors do not at this time request authorization to assume as executory contracts any prepetition obligations to guests.  Rather, the Debtors simply request authorization to continue the Guest Programs, as the Debtors believe, in the exercise of their business judgment, are necessary and in their best interests and in the best interests of their estates, creditors and interest holders.

### NOTICE

46.     Notice of this Motion will be given to: (i) the office of the United States Trustee for the Eastern District of Virginia; (ii) counsel to CSX Corporation; (iii) the United States Attorney for the Eastern District of Virginia; (iv) the Internal Revenue Service; (v) the financial institutions at which the Debtors maintain bank accounts; and (vi) the Debtors' top twenty (20) largest unsecured creditors on a consolidated basis.  The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

47.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel

issues of law presented in the Motion and all applicable authority is set forth in the Motion, the

Debtors request that the requirement that all motions be accompanied by a separate

memorandum of law be waived.

48.     No previous request for the relief sought herein has been made to this Court or

any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion

and such other and further relief as may be just and proper.

Dated: Richmond, Virginia
       March 19, 2009

/s/ Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for Debtors and
Debtors in Possession

## EXHIBIT A

(Proposed Order)

Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Greenbrier Hotel Corporation, et al., | : Case No. 09-_____ (___) |
| | : |
| Debtors. | : (Joint Administration Pending) |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER (I) AUTHORIZING THE DEBTORS TO HONOR GUEST PROGRAMS AND RELATED PREPETITION GUEST OBLIGATIONS AND (II) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR PAYMENT OF SUCH OBLIGATIONS

Upon the motion (the "**Motion**")[1] of the Debtors for an order, pursuant to Bankruptcy

Code sections 105(a), 363, 506, 507(a)(7), 553, 1107(a) and 1108 and Bankruptcy Rule 6003,

authorizing, but not directing, the continuation of prepetition guest practices and programs that

the Debtors deem necessary and in the best interests of their estates, creditors and interest holders

and directing banks to honor prepetition checks for payments of such obligations; and the Court

having reviewed the Motion and the McGovern Declaration; and the Court having determined

that the relief requested in the Motion is in the best interests of the Debtors, their estates, their

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

creditors, and other parties in interest; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and upon the record

herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.     The Motion is **GRANTED**.

2.     The Debtors are authorized, but not directed, to continue those prepetition Guest

Programs and honor those related prepetition obligations that the Debtors deem in their

discretion to be necessary and in the best interests of their estates, creditors, and interest holders,

in the same manner as such programs and obligations were implemented and honored before the

commencement of these chapter 11 cases.

3.     The Debtors are authorized, but not directed, to continue, renew, replace, modify

and/or terminate such of their Guest Programs as they deem appropriate, in their discretion, and

in the ordinary course of business, without further application to the Court.

4.     All applicable banks and other financial institutions are hereby authorized and

directed to receive, process, honor and pay any and all checks evidencing amounts paid by the

Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

5.     The Court finds and determines that the requirements of Bankruptcy Rule 6003

are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

6.     Nothing in the Motion shall be deemed a request for authority to assume, and

nothing in this Order shall be deemed to constitute postpetition assumption or adoption of any

agreement under Bankruptcy Code section 365.

7.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

8.     The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

9.     This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:     Richmond, Virginia
           March __, 2009


_____
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:


/s/ Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

3

## **CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

/s/ Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

\7380147

4