Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re:           : | Chapter 11 |
|                : |  |
| Greenbrier Hotel Corporation, <u>et al</u>.,   : | Case No. 09-_____ (___) |
|                : |  |
|        Debtors.     : | (Joint Administration Pending) |

- - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF DEBTORS FOR ORDER UNDER BANKRUPTCY CODE
SECTIONS 105(A) AND 366 (I) APPROVING THE DEBTORS' ADEQUATE
ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR
RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL
ASSURANCE OF PAYMENT, AND (III) SCHEDULING A HEARING WITH
<u>RESPECT TO CONTESTED ADEQUATE ASSURANCE OF PAYMENT REQUESTS</u>**

The debtors and debtors in possession in the above-captioned cases (collectively, the

"**Debtors**")[1], hereby move (the "**Motion**") for entry of an order substantially in the form attached

as <u>Exhibit A</u>, under sections 105(a) and 366 of Title 11 of the United States Code (the

"**Bankruptcy Code**"), (i) approving the Debtors' adequate assurance of postpetition payment of

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: (i) Greenbrier Hotel Corporation (2133);
(ii) The Greenbrier Resort and Club Management Company (8589); (iii) Greenbrier IA, Inc. (6471); (iv) The Old
White Development Company (3021); (v) Old White Club Corporation (0031); and (vi) Greenbrier Golf and Tennis
Club Corporation (0033). Each of the Debtors has a mailing address of 300 W. Main Street, White Sulphur Springs,
WV 24986-2075.

the Utility Companies (as defined herein), (ii) establishing procedures (the "**Additional Adequate Assurance Procedures**") for resolving any subsequent requests for additional adequate assurance of payment by the Utility Companies, and (iii) scheduling a hearing on any Additional Adequate Assurance Requests (as defined herein). In support of the Motion, the Debtors rely upon and incorporate by reference the Affidavit of Michael McGovern, Chief Financial Officer of Greenbrier Hotel Corporation, in Support of Chapter 11 Petitions and First Day Pleadings (the "**McGovern Affidavit**"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code.

## BACKGROUND

3.     On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of their bankruptcy cases, is set forth in detail in McGovern Affidavit, filed concurrently herewith and fully incorporated herein by reference.

4.     The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.     No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

2

## RELIEF REQUESTED

6.      By this Motion, the Debtors seek the entry of an order (i) approving the Debtors'

Proposed Adequate Assurance (as defined below) as providing utilities with "adequate assurance

of payment" under Bankruptcy Code sections 366(b) and 366(c)(1)(A) and deeming all utilities

entitled to such assurance of payment under section 366 of the Bankruptcy Code (collectively,

the "**Utility Companies**") to have received adequate assurance of payment pursuant to section

366(b), (ii) approving the Additional Adequate Assurance Procedures set forth below as the

method for resolving disputes regarding adequate assurance of payment, and (iii) scheduling a

hearing, to be held on or before the day that is thirty (30) days after the Petition Date, on any

Additional Adequate Assurance Requests (as defined below) that are disputed by the Debtors.

## BASIS FOR RELIEF

A.    **Utility Services.**

7.      In connection with the operation of their businesses and the management of their

property, the Debtors receive utility service from various Utility Companies, including providers

of water, gas, electricity, telephone, cable, ISDN, and sewer service (collectively, the "**Utility**

**Services**") covering a number of utility accounts.  The services provided by the Utility

Companies are crucial to the continued operations of the Debtors.

8.      The Debtors believe that they are generally current on utility payments as of the

Petition Date.

9.      By this Motion, the Debtors seek to preserve the protections that Utility

Companies have under the Bankruptcy Code, while affording the Debtors an opportunity to

provide and negotiate adequate protection without facing the threat of imminent termination of

Utility Services.  In particular, the Debtors request approval of certain procedures that balance

3

the protections afforded the Utility Companies under section 366 of the Bankruptcy Code and the

Debtors' need for continuous and uninterrupted Utility Services.

**B.      The Proposed Adequate Assurance.**

10.      The Debtors fully intend to pay all postpetition obligations owed to the Utility

Companies in a timely manner.

11.      Additionally, the Debtors propose to provide a deposit in an amount equal to two

(2) weeks of Utility Service, calculated from the historical average over the twelve (12) months

before the Petition Date (the "**Adequate Assurance Deposit**"), to any Utility Company who

requests such a deposit in writing, by submitting such request to proposed counsel to the

Debtors: McGuireWoods LLP, One James Center, 901 East Cary Street, Richmond, Virginia

23219-4030, Attn: Dion W. Hayes, Esq. A listing of the Debtors' utilities, along with an

estimated two-week deposit based on historical expense information associated with each utility,

is attached to the proposed order as Exhibit 1. Any Utility Company may submit a written

request for an Adequate Assurance Deposit provided that such Utility Company does not already

hold a deposit equal to or greater than two (2) weeks of utility services and is not currently paid

in advance for its services. The requesting Utility Company shall be deemed to have stipulated

that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such

Utility Company within the meaning of section 366 of the Bankruptcy Code, and shall further be

deemed to have waived any right to seek additional adequate assurance during the course of

these chapter 11 cases.

**C.**    **The Additional Adequate Assurance Request Procedures.**[2]

12.    The Debtors submit that the Adequate Assurance Deposit, if requested, in conjunction with the Debtors' ability to pay for future utility services in the ordinary course of business (collectively, the "**Proposed Adequate Assurance**"), constitutes sufficient "adequate assurance of payment." Nonetheless, the Debtors anticipate that certain Utility Companies may not find the Adequate Assurance Deposit "satisfactory" and, thus, may request additional adequate assurance of payment pursuant to section 366(c)(2) of the Bankruptcy Code. Accordingly, the Debtors propose that such requests be addressed as follows:

(a)    Except as provided by the Additional Adequate Assurance Procedures, the Utility Companies are forbidden to discontinue, alter, or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Adequate Assurance Deposit.

(b)    The Debtors will serve this Motion and a copy of the Order on the Utility Companies within three (3) business days after entry of the Order granting the relief requested herein.

(c)    In the event that a Utility Company maintains that the Adequate Assurance Deposit is not satisfactory adequate assurance of payment as contemplated by Bankruptcy Code section 366(c)(2), the Utility Company must serve a request (an "**Additional Adequate Assurance Request**") for adequate assurance in addition to or in lieu of its rights with respect to the Adequate Assurance Deposit so that it is received by the Debtors and their counsel no later than five (5) business days prior to the Determination Hearing (as defined below) (the "**Additional Adequate Assurance Request Deadline**").

(d)    Any Additional Adequate Assurance Request must: (i) be made in writing, (ii) set forth the location for which utility services are provided, (iii) set forth what the Utility Company would accept as satisfactory adequate assurance of payment, and (iv) set forth a fax and electronic mail address to which the Debtors may respond to the Additional Adequate Assurance Request.

---

[2] This section of the Motion is intended as a summary of the procedures set forth in the proposed Order and is qualified in its entirety by the proposed Order. In the event there is a discrepancy between the procedures in the Motion and those in the proposed Order, the proposed Order shall control in all respects. Parties are strongly encouraged to refer to the proposed Order.

(e)    Upon the Debtors' receipt of an Additional Adequate Assurance Request, the Debtors will either (a) advise the Utility Company in writing on or before a day that is no less than three (3) business days prior to the Determination Hearing (as defined below) that the Additional Adequate Assurance Request is acceptable, (b) consensually resolve the Additional Adequate Assurance Request with the Utility Company prior to the hearing, or (c) contest the Utility Company's request pursuant to Bankruptcy Code section 366(c)(3) at a hearing (the "**Determination Hearing**") to be held on or before the day that is thirty (30) days after the Petition Date, or such other date as the Debtors and the Utility Company may agree.

(f)    If the Debtors agree that the Additional Adequate Assurance Request is acceptable, or the Debtors and the Utility Company consensually resolve the Additional Adequate Assurance Request before the hearing, the Debtors may remove the Utility Company from Exhibit 1.

(g)    The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Adequate Assurance Deposit and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to Bankruptcy Code section 366(c)(3)(A).

13.    The Debtors further request that any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of section 366(c)(2) of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtors' chapter 11 cases, except as provided in sections 366(b)(2) or 366(c)(3) of the Bankruptcy Code, as applicable.[3]

14.    To the extent that the Debtors subsequently identify additional providers of Utility Services or determine that an entity was improperly included as a Utility Company, the Debtors

---

[3] The Debtors reserve their right to challenge any section 503(b)(9) claim filed by a Utility Company on any basis, including, without limitation, that such Utility Company received benefits on account of inclusion as a Utility Company on Exhibit 1 to the attached proposed order.

seek authority, in their sole discretion and without further order of this Court, to amend <u>Exhibit 1</u> attached to the proposed order to add or delete any Utility Company. The Debtors propose to have the terms of the proposed order attached hereto apply to any such subsequently identified Utility Company. Moreover, for those Utility Companies that are subsequently added to <u>Exhibit 1</u>, the Debtors will serve a copy of this Motion and the Order entered with respect to the Motion on such Utility Company, along with an amended <u>Exhibit 1</u>. Such subsequently added entities would then have twenty (20) days from service of the Order to make an Additional Adequate Assurance Request. For any entity that is removed from <u>Exhibit 1</u>, the Debtors shall provide notice of such entity's removal and such entity will have an opportunity to object.

15.     In the event that any Utility Company, including a subsequently-added Utility Company, files and/or serves an Additional Adequate Assurance Request after the Additional Adequate Assurance Request Deadline, such request shall be treated as a request under Bankruptcy Code section 366(b) and shall be granted, if at all, only after the Utility Company making such request schedules such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, including Bankruptcy Code section 366(b).

16.     All Utility Companies, including subsequently-added Utility Companies, shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors absent further order of this Court, in accordance with Bankruptcy Code section 366(a). <u>See</u> 11 U.S.C. § 366(a).

17.     To the extent any entity that is not listed on <u>Exhibit 1</u> to the proposed order believes it provides the Debtors with Utility Services within the meaning of Bankruptcy Code section 366, that entity must make a written request to be added to <u>Exhibit 1</u> within twenty (20) days of the date of the Court's order granting the relief requested herein. Failure to make a

written request within the twenty (20) day time period shall bar such entity from terminating the services it provides to the Debtors pursuant to section 366 of the Bankruptcy Code, absent further order of the Court.

18.    The Debtors maintain that the relief requested herein strikes a fair balance between the rights of the Utility Companies and the rights of the Debtors under the Bankruptcy Code and the need, for the benefit of the Debtors and their estates, for the Debtors to continue to receive the Utility Services upon which their business depends.  The Debtors do not believe that the Utility Companies will be prejudiced by the Adequate Assurance Deposit, the uninterrupted continuation of the Utility Services, and the approval of the Additional Adequate Assurance Procedures.

## APPLICABLE AUTHORITY

### A.    Utility Companies.

19.    While the term "utility" is not defined in the Bankruptcy Code, courts have concluded that section 366 is not limited to public utilities, and that "utility" is meant to be interpreted broadly so as to include entities that occupy "some special position with respect to the debtor, such as an electric company, gas supplier or telephone company that is a monopoly in the area so that the debtor cannot easily obtain comparable service from another utility." H.R. Rep. 595, 95th Cong., 1st Sess. 350 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 60 (1978); see also In re One Stop Realtour Place, Inc., 268 B.R. 430, 436-38 (Bank. E.D. Pa. 2001); In re Moorefield, 218 B.R. 795, 797 (Bankr. M.D.N.C. 1997); In re Good Time Charlie's Ltd., 25 B.R. 226 (Bankr. E.D. Pa. 1982).

20.    In accordance with the above, the Debtors have determined that providers of water, gas, sewage, telephone, cable, ISDN, and electricity may constitute utilities within the

meaning of section 366 of the Bankruptcy Code, and therefore, are listed as such on <u>Exhibit 1</u>

attached to the proposed order.

**B.    Adequate Assurance Deposit**

  i.    <u>The Adequate Assurance Deposit Provides Utilities With Adequate Assurance Of Payment</u>.

  21.    Bankruptcy Code section 366(a) provides:

> Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a).  Section 366(b) of the Bankruptcy Code goes on to provide, however, that:

> Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.

<u>Id.</u> at § 366(b).

  22.    The policy underlying section 366 of the Bankruptcy Code is to protect debtors

from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing

utility companies with adequate assurance that the debtors will pay for postpetition services.  <u>See</u>

H.R. Rep. No. 95-595, at 350 (1978), <u>reprinted in</u> 1978 U.S.C.C.A.N. 5963, 6306.  As set forth

herein, this policy is furthered by the relief requested through the Motion.

  23.    Specifically, under section 366(b) of the Bankruptcy Code, a debtor must furnish

what it considers to be adequate assurance of payment within twenty (20) days after the entry of

the order for relief in the form of a deposit or other security for postpetition service.  Here, the

Debtors will provide the Utility Companies with the Adequate Assurance Deposit upon

submission of a written request, which the Debtors believe provides all Utility Companies with

adequate assurance of payment.  <u>See</u> 11 U.S.C. § 361(c)(1)(A) (defining "assurance of payment"

to include a cash deposit, a letter of credit, or "another form of security that is mutually agreed on between the utility and the debtor").

24.     The Debtors maintain that the Adequate Assurance Deposit is a cash deposit, and as such, constitutes adequate assurance of payment in accordance with the requirements of section 366(b) of the Bankruptcy Code.

ii.     <u>The Additional Adequate Assurance Procedures Properly Balance The Interests Of the Utility Companies And Those Of The Debtors And Their Estates.</u>

25.     As part of the Bankruptcy Abuse and Consumer Protection Act of 2005 ("**BAPCPA**"), Congress enacted section 366(c) of the Bankruptcy Code.  Pursuant to section 366(c)(2), a utility is permitted to alter, refuse, or discontinue utility service, if the utility does not receive "during the 30-day period beginning on the date of the filing of the petition . . . adequate assurance of payment for utility service that is <u>satisfactory</u> to the utility." 11 U.S.C. § 366(c)(2) (emphasis added).  Conceivably, under section 366(c)(2) of the Bankruptcy Code, the Debtors could receive a demand from a Utility Company at the end of such thirty-day period and be compelled to accede to the demand immediately or face termination of critical Utility Services.  Therefore, as set forth below, in order to avoid such a drastic result, the Debtors have sought to require Utility Companies to provide notice of their demands for assurance on or before the date that is five (5) business days before the Determination Hearing, with a final hearing on disputed requests prior to expiration of the thirty (30) day period in which the Debtors must provide adequate assurance of payment or force termination of utility services.

26.     Specifically, under the Additional Adequate Assurance Procedures, a Utility Company may make an additional Adequate Assurance Request on or before the Additional Adequate Assurance Request Deadline.  In the event that such a request is made, the Debtors will advise the Utility Company on or before the day that is no less than three (3) business days prior

to the Determination Hearing that the Additional Adequate Assurance Request is acceptable or

that the Debtors intend to contest such Additional Adequate Assurance Request under section

366(c)(3) of the Bankruptcy Code at the Determination Hearing. Under these procedures, the

Debtors will have the opportunity to seek an order from the Court modifying any Additional

Adequate Assurance Request without having to first satisfy the demands of the Utility Company

and without facing the prospect of termination of Utility Services prior to a hearing on the

Additional Adequate Assurance Request.

27.    By establishing the Additional Adequate Assurance Procedures, the Debtors seek

to implement an orderly process to determine the amount of assurance of payment that is

adequate. Without the Additional Adequate Assurance Procedures, the Debtors could be forced

to address numerous requests by Utility Companies in an unorganized manner at a critical

period. The orderly process contemplated by the Additional Adequate Assurance Procedures,

therefore, is necessary for a smooth transition by the Debtors into chapter 11.

28.    Moreover, the Additional Adequate Assurance Procedures will ensure that all

parties act in good faith by establishing a fair process. This will protect the Debtors and their

stakeholders from an attempt by a Utility Company to delay a request until the last minute in an

attempt to force the Debtors to agree to its request or face cessation of essential services.

29.    Nor does the relief herein undermine the rights of the Utility Companies under the

Bankruptcy Code. First, the Adequate Assurance Deposit is one of the acceptable forms of

adequate protection set forth in sections 366(b) and (c)(1) of the Bankruptcy Code. Accordingly,

the Debtors are not seeking to bypass the limits on forms of security imposed by the Bankruptcy

Code.

30.    Second, if this Court determines that the Proposed Adequate Assurance constitutes sufficient adequate assurance under section 366(b) of the Bankruptcy Code, the Utility Companies may still request modification of such adequate assurance upon notice and a hearing as permitted by this section of the Bankruptcy Code.

31.    Third, the Utility Companies may also exercise their rights under section 366(c)(2) of the Bankruptcy Code, in accordance with the Additional Adequate Assurance Request Procedures.

32.    Fourth, even after the Additional Adequate Assurance Deadline, the Utility Companies will only be deemed to have received adequate assurance under section 366(c)(2) of the Bankruptcy Code.  Thus, this determination is subject to further review pursuant to the right of the Utility Companies, or any party in interest, after notice and a hearing, to seek a modification of the Proposed Adequate Assurance in accordance with sections 366(b) and 366(c)(3) of the Bankruptcy Code, as applicable.

33.    Similar relief to the relief requested herein has been granted by this Court and other courts subsequent to the 2005 amendments.  See, e.g., In re S & K Famous Brands, Inc., Case No. 09-30805 (KRH) (Bankr. E.D. Va. Feb. 29, 2009); In re Chesapeake Corp. et al., Case No. 08-36642 (DOT) (Bankr. E.D. Va. Dec. 29, 2008); In re LandAmerica Financial Group Inc., et al., Case No. 08-35994 (KRH) (Bankr. E.D. Va. Nov. 26, 2008); In re Circuit City Stores, Inc., et al., Case No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 10, 2008); In re Movie Gallery, Inc., et al., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Nov. 17, 2007).

## **RESERVATION OF RIGHTS**

34.    The Utility Companies known and identified by the Debtors to date are listed on Exhibit 1 attached to the proposed order.  While the Debtors have used their best efforts to list all of their Utility Companies in Exhibit 1, it is possible that certain Utility Companies may have

been inadvertently omitted from this list.  Accordingly, the Debtors reserve the right, under the

terms and conditions of the proposed order and without further order of the Court, to amend

Exhibit 1 to add any Utility Companies that were omitted therefrom and to request that the relief

requested herein apply to all such entities as well.  In addition, the Debtors reserve the right to

argue that any of the entities now or hereafter listed in Exhibit 1 are not "utilities" within the

meaning of section 366(a) of the Bankruptcy Code.  Lastly, the Debtors reserve the right, without

further order of the Court, to remove any Utility Company from Exhibit 1 if, for any reason, it is

later determined that the company is not a Utility Company or was erroneously placed on the list

in the first instance.

## NOTICE

35.    Notice of this Motion will be given to: (i) the office of the United States Trustee

for the Eastern District of Virginia; (ii) counsel to CSX Corporation; (iii) the United States

Attorney for the Eastern District of Virginia; (iv) the Internal Revenue Service; (v) the financial

institutions at which the Debtors maintain bank accounts; (vi) the Debtors' top twenty (20)

largest unsecured creditors on a consolidated basis; and (vii) the Utility Companies listed on

Exhibit 1 attached to the proposed order.  The Debtors submit that, under the circumstances, no

other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

36.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel

issues of law presented in the Motion and all applicable authority is set forth in the Motion, the

Debtors request that the requirement that all motions be accompanied by a separate

memorandum of law be waived.

## NO PRIOR REQUEST

37.     No previous request for the relief sought herein has been made to this or any other

Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion

and such other and further relief as may be just and proper.

Dated: Richmond, Virginia
        March 19, 2009

/s/ Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

## **Exhibit A**

(Proposed Order)

Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                 :    Chapter 11
                                      :
Greenbrier Hotel Corporation, et al.  :    Case No. 09-_____ (___)
                                      :
             Debtors.                 :    (Joint Administration Pending)
- - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 366
(I) APPROVING THE DEBTORS' ADEQUATE ASSURANCE OF PAYMENT,
(II) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS
BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF
PAYMENT, AND (III) SCHEDULING A HEARING WITH RESPECT
TO CONTESTED ADEQUATE ASSURANCE OF PAYMENT REQUESTS**

Upon the motion (the "**Motion**")[1] of the Debtors for an order pursuant to sections

105(a) and 366 of the Bankruptcy Code (i) approving adequate assurance of postpetition

payment of the Utility Companies, set forth on Exhibit 1 attached hereto, through the Debtors'

payment of the Adequate Assurance Deposit, (ii) establishing the Additional Adequate

Assurance Procedures for resolving any Additional Adequate Assurance Requests under section

366(c) of the Bankruptcy Code, and (iii) scheduling a hearing with respect to any Additional

Adequate Assurance Requests that are received on or before the Additional Adequate Assurance

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

Deadline, and the Court having reviewed the Motion; and the Court having determined that the

relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors,

and other parties in interest; and it appearing that proper and adequate notice of the Motion has

been given and that no other or further notice is necessary; and upon the record herein; and after

due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.     The Motion is **GRANTED**.

2.     The Debtors shall provide the Adequate Assurance Deposit to any Utility

Company that does not currently hold a deposit equal to or greater to the amount of the Adequate

Assurance Deposit and that is not currently paid in advance for its services, who requests such a

deposit in writing, by submitting the written request to proposed counsel to the Debtors at:

McGuire Woods LLP, One James Center, 901 East Cary Street, Richmond, Virginia 23219-

4030, Attn: Dion W. Hayes, Esq.

3.     The Adequate Assurance Deposit shall serve as adequate assurance of payment,

under section 366(b) of the Bankruptcy Code, of charges incurred by the Debtors for Utility

Services provided by the Utility Companies after the Petition Date.

4.     The Additional Adequate Assurance Procedures are hereby approved as follows:

      (a)     Except as provided by the Additional Adequate Assurance
Procedures, the Utility Companies are forbidden to discontinue,
alter or refuse service on account of any unpaid prepetition
charges, or require additional adequate assurance of payment other
than the Adequate Assurance Deposit.

      (b)     The Debtors will serve the Motion and a copy of this Order on the
Utility Companies within three (3) business days after entry of the
Order granting the relief requested herein.

      (c)     In the event that a Utility Company maintains that the Adequate
Assurance Deposit is not satisfactory adequate assurance of
payment as contemplated by section 366(c)(2) of the Bankruptcy

3

Code, the Utility Company must serve an Additional Adequate Assurance Request for adequate assurance in addition to or in lieu of its rights with respect to the Adequate Assurance Deposit so that it is received by the Debtors and their counsel no later than five (5) business days prior to the Determination Hearing at the following address: **McGuire Woods LLP, One James Center, 901 East Cary Street, Richmond, Virginia 23219-4030, Attn: Dion W. Hayes, Esq.**

(d)    Any Additional Adequate Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) set forth what the Utility Company would accept as satisfactory adequate assurance of payment; and (iv) set forth a fax and electronic mail address to which the Debtors may respond to the Additional Adequate Assurance Request.

(e)    Upon the Debtors' receipt of an Additional Adequate Assurance Request, the Debtors will either (a) advise the Utility Company in writing on or before a day that is no less than three (3) business days prior to the Determination Hearing that the Additional Adequate Assurance Request is acceptable, (b) consensually resolve the Additional Adequate Assurance Request with the Utility Company prior to the hearing, or (c) contest the Utility Company's request pursuant to Bankruptcy Code section 366(c)(3) at the Determination Hearing to be held on **April _____, 2009**, or such other date as the Debtors and the Utility Company may agree.

(f)    If the Debtors agree that the Additional Adequate Assurance Request is acceptable, or the Debtors and the Utility Company consensually resolve the Additional Adequate Assurance Request before the hearing, the Debtors may remove the Utility Company from Exhibit 1.

(g)    The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Adequate Assurance Deposit and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to Bankruptcy Code section 366(c)(3)(A).

5.    Absent further order of this Court, the Utility Companies, including any subsequently-added Utility Companies, are prohibited from altering, refusing, or discontinuing service to or discriminating against the Debtors on account of unpaid prepetition invoices or due to the commencement of this case, or requiring the Debtors to pay a deposit or other security in

connection with the provision of postpetition Utility Services, other than in accordance with the Additional Adequate Assurance Procedures contained herein.

6.      Any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of section 366(c)(2) of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtors' chapter 11 cases, except as provided in section 366(c)(3) of the Bankruptcy Code.

7.      The Debtors are authorized, in their sole discretion, to amend Exhibit 1 attached hereto to add or delete any entity, and this Order shall apply to any such entity that is subsequently added to Exhibit 1 hereto.  For Utility Companies that are subsequently added to Exhibit 1, the Debtors shall serve a copy of this Order on such Utility Company, along with an amended Exhibit 1, and such subsequently-added entities shall have twenty (20) days from service of the Order to make an Additional Adequate Assurance Request.  For any entity that is removed from Exhibit 1, the Debtors shall provide notice of such entity's removal and such entity shall have twenty (20) days from service of the notice to file an objection with the Court and serve such objection on counsel to the Debtors so as to be received by such date.  If an objection is not properly filed and served, the entity will be deemed removed from Exhibit 1 and will not be treated as a Utility Company for purposes of this Order.  In the event an objection is properly filed and served, the Court shall schedule a hearing to consider such entity's removal and objection thereto.  Pending resolution of the objection, the entity shall continue to be treated as a Utility Company for purposes of this Order.

5

8.      In the event that any Utility Company, including a subsequently-added Utility

Company, files and/or serves an Additional Adequate Assurance Request after the Additional

Adequate Assurance Request Deadline, such request shall be treated as a request under sections

366(b) or 366(c)(3) of the Bankruptcy Code, as applicable, and shall be granted, if at all, only

after the Utility Company making such request schedules such request for hearing, on notice, in

accordance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy

Procedure, including sections 366(b) or 366(c)(3) of the Bankruptcy Code.

9.      To the extent any entity that is not listed on Exhibit 1 believes it provides the

Debtors with Utility Services within the meaning of section 366 of the Bankruptcy Code, that

entity must make a written request to be added to the list within twenty (20) days of the date of

this Order.  Failure to make a written request within the twenty (20) day time period bars such

entity from terminating the services it provides to the Debtor pursuant to section 366 of the

Bankruptcy Code.

10.     Notwithstanding anything to the contrary herein, the Debtors' rights to challenge

any claim on any basis filed pursuant to 11 U.S.C. § 503(b)(9), including, without limitation,

claims filed by Utility Companies or entities removed or deemed removed from Exhibit 1, are

preserved.

11.     The Debtors are authorized, but not directed, to pay on a timely basis in

accordance with their prepetition practices all undisputed invoices in respect of postpetition

Utility Services rendered by the Utility Companies to the Debtors.

12.     Nothing in this Order or the Motion shall be deemed to constitute postpetition

assumption or adoption of any agreement under section 365 of the Bankruptcy Code.

13.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

14.    This Court retains jurisdiction to hear and determine all matters arising from or

related to the implementation or interpretation of this Order.

Dated: Richmond, Virginia
      March __, 2009


                             _____
                             UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

/s/ Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

8

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

/s/ Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

# **EXHIBIT 1**

## **(List of Utility Companies)**

\7069482

# Utility Providers

| Utility Provider | Address | City, State Zip | Service | Main Account No. | Sub Account No. (if applicable) |
|---|---|---|---|---|---|
| Allegheny Power | 800 Cabin Hill Drive | Greensburg, PA 15606-0001 | Electric | 3 77 14 107 01012 1 | |
| Allegheny Power | 800 Cabin Hill Drive | Greensburg, PA 15606-0001 | Electric | 3 77 03 888 00005 1 | 3 77 14 107 01020 1 |
| | | | | | 3 77 14 107 01060 1 |
| | | | | | 3 77 14 207 00030 1 |
| | | | | | 3 77 14 207 00040 1 |
| | | | | | 3 77 14 207 00045 1 |
| | | | | | 3 77 15 101 00801 1 |
| | | | | | 3 77 15 108 00800 1 |
| | | | | | 3 77 15 108 0100 1 |
| | | | | | 3 77 16 101 00600 1 |
| | | | | | 3 77 16 104 00600 2 |
| | | | | | 3 77 17 202 23800 4 |
| | | | | | 3 77 17 202 23850 1 |
| | | | | | 3 77 19 104 00500 1 |
| | | | | | 3 77 19 104 00601 1 |
| | | | | | 3 77 19 104 00603 1 |
| | | | | | 3 77 19 204 08700 1 |
| | | | | | 3 77 22 915 97051 1 |
| Mountaineer Gas Company | P.O. Box 362 | Charleston, WV 25322-0362 | Gas | 7 21 15 888 0010 1 | 7 21 02 575 94095 2 |
| | | | | | 7 21 04 587 01510 1 |
| | | | | | 7 21 04 587 01940 1 |
| | | | | | 7 21 04 587 02490 1 |
| | | | | | 7 21 10 527 11300 1 |
| | | | | | 7 21 10 527 12650 1 |
| | | | | | 7 21 10 527 15900 1 |
| | | | | | 7 21 10 527 15950 1 |
| | | | | | 7 21 10 527 16050 1 |
| | | | | | 7 21 10 527 18500 1 |
| | | | | | 7 21 17 556 19600 2 |
| Union Disposal Service | Box 151 | Union, WV 24983 | Refuse | N/A | |
| Verizon | P.O. Box 660720 | Dallas, TX 75266-0720 | Local Phone | 000054999110 70Y | |
| Verizon | P.O. Box 660720 | Dallas, TX 75266-0720 | Local Phone | 000054998524 07Y | |
| Verizon | P.O. Box 660720 | Dallas, TX 75266-0720 | Local Phone | 000042328223 55Y | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 1345 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 4838 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 4833 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 6050 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 1356 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 1220 | |

| Utility Provider | Address | City, State Zip | Service | Main Account No. | Sub Account No. (if applicable) |
|---|---|---|---|---|---|
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 3260 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 4076 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 4849 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 1359 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 3084 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 4758 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Sewer | 3087 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Water/Sewer | 1118 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Water/Sewer | 4890 | |
| City of White Sulphur Springs | 34 West Main Street | White Sulphur Springs, WV 24986 | Water/Sewer | 1307 | |
| Verizon | P.O. Box 660720 | Dallas, TX 75266-0720 | Local Phone | 000014880617 79 Y | |
| Verizon | P.O. Box 660720 | Dallas, TX 75266-0720 | Local Phone | 000139336220 55Y | |
| AT&T | P.O. Box 9001309 | Louisville, KY 40290-1309 | Long Distance | 144012-4553328 | |
| AT&T (tm telcomm) | 8800 NW 23rd Street | Doral, FL 33172 | Long Distance | 1000-673-8552 | |
| Verizon | P.O. Box 660720 | Dallas, TX 75266-0720 | ISDN Line | 000140040156 66Y | |
| Hess Corporation (Mountaineer Gas Co.) | P.O. Box 905243 | Charlotte, NC 28290-5243 | Gas | 380451/381141 | |
| Mountaineer Gas Company | P.O. Box 362 | Charleston, WV 25322-0362 | Gas | Customer: 565; Account: 505639 | |
| Mountaineer Gas Company | P.O. Box 362 | Charleston, WV 25322-0362 | Gas | Customer: 565; Account: 505977 | |
| Sudden Link | P O Box 742535 | Cincinnati, OH 45274-2541 | ISDN Line | 0012323026760501 | |
| Sudden Link | P O Box 742535 | Cincinnati, OH 45274-2541 | ISDN Line | 0012323026760301 | |