Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Greenbrier Hotel Corporation, et al., | : | Case No. 09-_____ (___) |
| | : | |
| Debtors. | : | (Joint Administration Pending) |

- - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105(A), 506(A), 507(A)(8), 541, AND 1129 AND BANKRUPTCY
RULE 6003 AUTHORIZING THE DEBTORS TO PAY PREPETITION
SALES, USE, HOTEL OCCUPANCY AND OTHER TRUST FUND TAXES
AND RELATED OBLIGATIONS**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "**Debtors**"),[1] hereby move (the "**Motion**") this Court for entry of an order, pursuant to

sections 105(a), 506(a), 507(a)(8), 541, and 1129 of Title 11 of the United States Code (the

"**Bankruptcy Code**") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") authorizing, but not directing, the Debtors to pay prepetition sales, use,

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: (i) Greenbrier Hotel Corporation (2133); (ii) The Greenbrier Resort and Club Management Company (8589); (iii) Greenbrier IA, Inc. (6471); (iv) The Old White Development Company (3021); (v) Old White Club Corporation (0031); and (vi) Greenbrier Golf and Tennis Club Corporation (0033). Each of the Debtors has a mailing address of 300 W. Main Street, White Sulphur Springs, WV 24986-2075.

hotel occupancy, and other "trust fund" taxes and certain related obligations.  In support of the

Motion, the Debtors rely upon and incorporate by reference the Affidavit of Michael McGovern,

Chief Financial Officer of Greenbrier Hotel Corporation, in Support of Chapter 11 Petitions and

First Day Pleadings (the "**McGovern Affidavit**"), filed with the Court concurrently herewith.  In

further support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion

in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief requested herein are sections 105(a), 506(a),

507(a)(8), 541, and 1129 of the Bankruptcy Code.  Such relief is warranted pursuant to

Bankruptcy Rule 6003.

## BACKGROUND

3.       On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in

this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding

the Debtors, including their business operations, their capital and debt structure, and the events

leading to the filing of these bankruptcy cases, is set forth in detail in the McGovern Affidavit,

filed concurrently herewith and fully incorporated herein by reference.[2]

4.       The Debtors continue to operate their businesses as debtors in possession pursuant

to sections 1107 and 1108 of the Bankruptcy Code.

5.       No trustee or examiner has been appointed in these chapter 11 cases, and no

committees have yet been appointed or designated.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the McGovern
Affidavit.

## RELIEF REQUESTED

6.      By this Motion, the Debtors request entry of an order, pursuant to sections 105(a),

506(a), 507(a)(8), 541, and 1129, authorizing, but not directing, them to pay prepetition sales,

use, hotel occupancy, and other similar "trust fund" taxes and related obligations (collectively,

the "**Taxes**"), to the respective taxing or other appropriate authorities (the "**Taxing**

**Authorities**") in an amount up to $53,000, in the ordinary course of the Debtors' business.  Such

relief will be without prejudice to the Debtors' rights to contest the amounts of any Taxes on any

grounds they deem appropriate.

## BASIS FOR RELIEF

7.      The Debtors collect from guests, customers, and others an assortment of state and

local Taxes, including, among others, sales, use, wine and liquor excise, and hotel occupancy

taxes.  Furthermore, the Debtors incur use taxes for purchases of materials and supplies in the

ordinary course of business from out-of-state vendors.  The Debtors remit actual amounts due to

the Taxing Authorities monthly, generally in the month after collecting the applicable Tax.

While the amounts of Tax remittances vary directly with the level of the Debtors' businesses, the

Debtors estimate that they remit to the Taxing Authorities approximately $72,000 monthly in the

aggregate for sales, use, liquor and wine, and occupancy Taxes.

8.      As of the Petition Date, the Debtors estimate that they owe the Taxing Authorities

less than $53,000 in sales, use, liquor and wine, and occupancy Taxes on account of prepetition

activities.  The Debtors believe that the next payments for such sales, use, liquor and wine, and

occupancy Taxes will be due on April 20, 2009 for the month of March 2009.

9.      Certain Taxing Authorities either have not been paid or have been sent checks

and/or wires for Taxes that may or may not have been presented or cleared as of the Petition

3

Date. Accordingly, the Debtors seek entry of an order directing their banks to honor prepetition

checks and wires issued by the Debtors to the Taxing Authorities in payment of prepetition

Taxes that, as of the Petition Date, have not cleared or been transferred. In addition, to the extent

the Debtors have not yet sought to remit payment to the Taxing Authorities with respect to

certain Taxes, the Debtors seek entry of an order authorizing, but not directing them, to issue

checks or provide for other means of payment to the Taxing Authorities as necessary to pay the

Taxes.

## APPLICABLE AUTHORITY

**A.    Payment of the Taxes is Authorized Under Section 541 of the Bankruptcy Code.**

10.    The Debtors believe that many of the Taxes constitute trust fund taxes that are

required to be collected from third parties and held in trust for payment to the Taxing

Authorities. See, e.g., DeChiaro v. N.Y. State Tax Comm'n, 760 F.2d 432, 433-34 (2nd Cir.

1985) (sales tax required by state law to be collected by sellers from their customers is a "trust

fund" tax); Shank v. Wash. State Dep't of Revenue (In re Shank), 792 F.2d 829, 830 (9th Cir.

1986) (same); Rosenow v. Ill. Dep't of Revenue (In re Rosenow), 715 F.2d 277, 282 (7th Cir.

1983) (same).

11.    Section 541(d) of the Bankruptcy Code provides that if a debtor holds only legal

title to property then such property only becomes property of the estate to the extent of the

debtor's legal title, but not to the extent of any equitable interest in the property.

12.    Because the Taxes constitute "trust fund" Taxes, the funds that would be used to

pay the Taxes are not property of the Debtors' estates within the meaning of section 541 of the

Bankruptcy Code. See Beiger v. IRS, 496 U.S. 53, 55-67 (1990) (holding that a prepetition

payment of trust fund taxes is not subject to avoidance because such are not the debtor's

property); DuCharmes & Co., Inc. v. Mich. (In re DuCharmes & Co.), 852 F.2d 194 (6th Cir.

1988) (per curiam) (same). Any trust fund Taxes that have been collected are not property of the

Debtors' estates under section 541(d). See, e.g., In re Dameron, 155 F.3d 718, 721-22 (4th Cir.

1998) (funds held by debtor as closing agent for the benefit of third parties were not property of

the debtor's estate).

13.    Accordingly, the Court should authorize immediate payment of the Taxes to the

Taxing Authorities pursuant to section 541 of the Bankruptcy Code.

**B.    Payment of the Taxes is Appropriate Under Sections 506, 507(a)(8), and 1129 of the Bankruptcy Code.**

14.    Even if the funds held by the Debtors for the payment of the Taxes were not held

in trust, payment of the Taxes would nonetheless be proper under sections 506, 507(a)(8), and

1129 of the Bankruptcy Code. Specifically, the Taxes are mostly, if not entirely, either priority

claims pursuant to section 507(a)(8) of the Bankruptcy Code, or secured claims pursuant to

section 506(a) of the Bankruptcy Code. Accordingly, their payment should be authorized on the

basis that they are required to be paid in full in any event as a condition to satisfying the plan

confirmation requirements contained in section 1129 of the Bankruptcy Code.[3]

15.    In particular, if the Taxes are priority claims, section 1129(a)(9)(c) requires that

they be paid no less favorably than through regular installment payments, over a period not

exceeding five years after the Petition Date, of a total value as of the effective date of the plan

equal to the allowed amount of each such claim. See 11 U.S.C. § 1129(a)(9)(c). On the other

hand, if the Taxes are secured claims, section 1129(b)(2)(A) requires that they be satisfied

through deferred cash payments totaling at least the allowed amount of each such claim, of a

value as of the effective date of the plan equal to the value of the collateral securing the claim,

---

[3] The Debtors believe that a significant portion of the Taxes are priority or secured claims, and the remainder is *de minimis* in light of the circumstances of these cases.

with a continuation of the liens against the collateral; or, if the collateral is to be sold, that the lien securing the claim attach to the proceeds of sale; or that the holder realize the indubitable equivalent of the claim. See 11 U.S.C. § 1129(b)(2)(A).

16.    Therefore, the Debtors' payment of the Taxes now only affects the timing of the payments and not the amounts to be received by the Taxing Authorities. In that regard, by paying the Taxes now, the Debtors avoid any unnecessary fees, interest, or penalties that might otherwise accrue. At the same time, other creditors and parties in interest will be benefited, not harmed, if the relief sought herein is granted by this Court.

**C.    The Tax Payments Are Also Appropriate Under Bankruptcy Code Section 105 and the Doctrine of Necessity**

17.    The proposed Tax payments should be authorized pursuant to section 105 of the Bankruptcy Code and under the "doctrine of necessity."

18.    Section 105 of the Bankruptcy Code provides the authority for this Court "to issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105. For the reasons set forth herein, and in light of the critical need for the Debtors to preserve the going concern value of their businesses in order to successfully conclude these bankruptcy cases through, among other things, avoiding the cost and expense of audits or litigation regarding the Taxes, payment of the Taxes as requested herein is proper in accordance with section 105 of the Bankruptcy Code.

19.    Payment of the Taxes is further supported by the doctrine of necessity. The doctrine of necessity is a well-settled doctrine that originated in railway cases and was later expanded. See Miltenberger v. Logansport, C.&S.W.R. Co., 106 U.S. 286 (1882); Dudley v. Mealey, 147 F.2d 268, 271 (2nd Cir. 1945) (applying the rule to supply creditors where alternative was cessation of operations in a hotel bankruptcy case).

20.    The doctrine of necessity permits a bankruptcy court to authorize payment of

certain prepetition claims prior to the completion of the reorganization process where the

payment of such claims is necessary to the reorganization. See In re NVR L.P., 147 B.R. 126,

127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a pre-petition

obligation when essential to the continued operation of the debtor [,]" and must show a

"substantial necessity."); see also In re Just for Feet, Inc., 242 B.R. 821, 824-45 (Bankr. D. Del.

1999) (noting that, in the Third Circuit, where the debtor "cannot survive" absent payment of

certain prepetition claims, the doctrine of necessity should be invoked to pay such claims that are

essential to the continued operation of the business).

21.    The doctrine of necessity is a widely accepted component of modern bankruptcy

jurisprudence. See In re NVR L.P., 147 B.R. at 127("[T]he 'necessity of payment' rule is a

narrow exception well-established in bankruptcy common law."); see also Just for Feet, 242 B.R.

at 826 (approving payment of key inventory suppliers' prepetition claims when such suppliers

could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales

season); In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991)

(approving payment of prepetition unsecured claims of tool makers as necessary to the chapter

11 process).

22.    For the reasons discussed herein, it is evident that payment of Taxes is necessary

to the Debtors' ability to successfully conclude these bankruptcy cases and to preserve the value

of the Debtors' estates.  Absent such relief, the Debtors may bear the cost and expense of audits

or litigation regarding the Taxes, as well as penalties and interest costs.

**D.    Payment of the Taxes is Necessary to Avoid Immediate and Irreparable Harm Under Bankruptcy Rule 6003.**

23.    Similarly, the relief requested is warranted under Bankruptcy Rule 6003, which

provides:

> Except to the extent that relief is necessary to avoid immediate and irreparable
> harm, the  court shall not, within 20 days after the filing of the petition, grant
> relief regarding the following: . . . (b) a motion to use, sell, lease, or otherwise
> incur an obligation regarding property of the estate, including a motion to pay all
> or part of a claim that arose before the filing of the petition, but not a motion
> under Rule 4001.

Fed. R. Bankr. P. 6003.

24.    No court within the Fourth Circuit has interpreted the "immediate and irreparable

harm" language in the context of Bankruptcy Rule 6003 in any reported decision.[4] However, the

U.S. Court of Appeals for the Fourth Circuit has interpreted the same language in the context of

preliminary injunctions.  In that context, irreparable harm has been interpreted as a continuing

harm that cannot be adequately redressed by final relief on the merits and for which money

damages cannot provide adequate compensation.  See, e.g., Hughes Network Systems, Inc. v.

Interdigital Communications Corp., 17 F.3d 691, 694 (4th Cir. 1994).  Further, the harm must be

shown to be actual and imminent, not speculative or unsubstantiated.  See, e.g., Scotts Co. v.

United Industries Corp., 315 F.3d 264, 283 (4th Cir. 2002).

25.    To the extent that the requirements of Bankruptcy Rule 6003 are applicable to the

relief requested in the Motion, the Debtors submit that for the reasons already set forth herein,

the relief requested in this Motion is necessary to avoid immediate and irreparable harm as

defined by the U.S. Court of Appeals for the Fourth Circuit.

---

[4] Although there is not direct authority concerning Bankruptcy Rule 6003 in the Fourth Circuit, at least one
bankruptcy court, applying Bankruptcy Rule 6003, concluded that first-day relief in a similar context was warranted
because such relief was necessary to avoid irreparable harm.  See In re First NLC Fin.Serv., LLC, 382 B.R. 547,
549-50 (Bankr. S.D. Fla. 2008) (holding that Rule 6003 permits entry of retention orders on an interim basis to avoid
irreparable harm).

26.    Accordingly, the Court should allow the payment of the Taxes as requested herein.

27.    The relief requested in this Motion has been granted in comparable chapter 11 cases in this district and in other jurisdictions. See, e.g., In re S & K Famous Brands, Inc., Case No. 09-30805 (KRH) (Bankr. E.D. Va. Feb. 29, 2009); In re Chesapeake Corporation, Case No. 08-36642 (DOT) (Bankr. E.D. Va. Dec. 29, 2008); In re Circuit City Stores, Inc., Case No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 10, 2008); In re Movie Gallery, Inc., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); see also In re Tropicana Entertainment, LLC, Case No. 08-10856 (KJC) (Bankr. D. Del. May 5, 2008).

28.    Nothing in this Motion shall be construed as impairing the Debtors' rights to contest the amount, classification, or allowability of any Taxes asserted in these cases.

## NOTICE

29.    Notice of this Motion will be given to: (i) the office of the United States Trustee for the Eastern District of Virginia; (ii) counsel to CSX Corporation; (iii) the United States Attorney for the Eastern District of Virginia; (iv) the Internal Revenue Service; (v) the Debtors' top twenty (20) largest unsecured creditors on a consolidated basis; (vi) the financial institutions at which the Debtors maintain bank accounts; and (vii) the Taxing Authorities. The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

30.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

31.    No previous request for the relief sought herein has been made to this Court or

any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion

and such other and further relief as may be just and proper.

Dated: Richmond, Virginia
       March 19, 2009

                                          /s/ Patrick L. Hayden
                                          Dion W. Hayes (VSB No. 34304)
                                          Patrick L. Hayden (VSB No. 30351)
                                          McGUIREWOODS LLP
                                          One James Center
                                          901 East Cary Street
                                          Richmond, Virginia 23219-4030
                                          (804) 775-1000

                                          Proposed Attorneys for Debtors and
                                          Debtors in Possession

## EXHIBIT A

(Proposed Order)

Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Greenbrier Hotel Corporation, et al., | : | Case No. 09-_____ (___) |
| | : | |
| Debtors. | : | (Joint Administration Pending) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 506(A), 507(A)(8), 541, AND 1129 AND BANKRUPTCY RULE 6003 AUTHORIZING THE DEBTORS TO PAY PREPETITION SALES, USE, AND HOTEL OCCUPANCY TRUST FUND AND OTHER TAXES AND RELATED OBLIGATIONS

Upon the motion (the "**Motion**")[1] of the Debtors for an order, pursuant to Bankruptcy

Code sections 105(a), 506(a), 507(a)(8), 541, and 1129 and Bankruptcy Rule 6003 authorizing,

but not directing, the Debtors to pay the Taxes to the appropriate Taxing Authorities; and the

Court having reviewed the Motion and the McGovern Affidavit; and the Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties in interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and upon the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

record herein; and after due deliberation thereon; and good and sufficient cause appearing

therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.    The Motion is **GRANTED**.

2.    The Debtors are hereby authorized to pay all Taxes to the Taxing Authorities,

including prepetition Taxes in an amount up to $53,000, in the ordinary course of their

businesses.

3.    All applicable banks and other financial institutions are hereby authorized and

directed to receive, process, honor, and pay any and all checks evidencing amounts paid by the

Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

4.    To the extent the Debtors have not yet sought to remit payment to the Taxing

Authorities, the Debtors are authorized, but not directed, to issue checks or provide for other

means of payment to the Taxing Authorities to the extent necessary to pay Taxes.

5.    This Order is without prejudice to the Debtors' rights to contest the amounts of

any Taxes on any grounds that they deem appropriate.

6.    Nothing in this Order or the Motion shall be deemed to constitute postpetition

assumption or adoption of any agreement under section 365 of the Bankruptcy Code.

7.    The Court finds and determines that the requirements of Bankruptcy Rule 6003

are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

8.    Notwithstanding Bankruptcy Rule 6004(g), this Order shall be effective and

enforceable immediately upon entry hereof.

9.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum

of law in connection with the Motion is hereby waived.

Dated:     Richmond, Virginia
           March __, 2009


           _____
           UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:


/s/ Patrick L. Hayden
Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession


## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

       I hereby certify that the foregoing proposed order has been endorsed by all necessary
parties.


                                    /s/ Patrick L. Hayden
                                    Dion W. Hayes (VSB No. 34304)
                                    Patrick L. Hayden (VSB No. 30351)
                                    McGUIREWOODS LLP
                                    One James Center
                                    901 East Cary Street
                                    Richmond, Virginia 23219-4030
                                    (804) 775-1000


\7089987