Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Greenbrier Hotel Corporation, et al., | : | Case No. 09-_____ (___) |
| | : | |
| Debtors. | : | (Joint Administration Pending) |

- - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS, PURSUANT TO BANKRUPTCY CODE SECTION 105(A)
AND LOCAL BANKRUPTCY RULES 9013-1(M) AND (N), FOR AN ORDER
SETTING AN EXPEDITED HEARING ON "FIRST DAY PLEADINGS"
AND FOR RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "**Debtors**"),[1] hereby move (the "**Motion**") for entry of an order substantially in the form

attached hereto, pursuant to section 105(a) of Title 11 of the United States Code (the

"**Bankruptcy Code**") and Rules 9013-1(M) and (N) of the Local Bankruptcy Rules for the

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: (i) Greenbrier Hotel Corporation (2133);
(ii) The Greenbrier Resort and Club Management Company (8589); (iii) Greenbrier IA, Inc. (6471); (iv) The Old
White Development Company (3021); (v) Old White Club Corporation (0031); and (vi) Greenbrier Golf and Tennis
Club Corporation (0033). Each of the Debtors has a mailing address of 300 W. Main Street, White Sulphur Springs,
WV 24986-2075.

United States Bankruptcy Court for the Eastern District of Virginia (the "**Local Bankruptcy**

**Rules**"), setting an expedited hearing at the Court's earliest convenience on the Debtors' "first

day" motions and applications (collectively, the "**First Day Pleadings**") set forth on the First

Day Agenda (as defined below) and deeming the Debtors' notice of the First Day Hearing as set

forth herein to be adequate and appropriate notice under the circumstances.  In support of the

Motion, the Debtors rely upon the Affidavit of Michael McGovern, Chief Financial Officer of

Greenbrier Hotel Corporation, in Support of Chapter 11 Petitions and First Day Pleadings (the

"**McGovern Affidavit**"), filed concurrently herewith and fully incorporated herein by reference.[2]

In further support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are section 105(a) of the

Bankruptcy Code and Local Bankruptcy Rules 9013-1(M) and (N).

## BACKGROUND

3.      On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in

this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding

the Debtors, including their business operations, their capital and debt structure, and the events

leading to the filing of these bankruptcy cases, is set forth in detail in the McGovern Affidavit.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the McGovern
Affidavit.

4.      The Debtors continue to operate their businesses as debtors in possession pursuant
to sections 1107 and 1108 of the Bankruptcy Code.

5.      No trustee or examiner has been appointed in these chapter 11 cases, and no
committees have yet been appointed or designated.

## RELIEF REQUESTED

6.      On the Petition Date, the Debtors filed the First Day Pleadings to be heard by this
Court on an expedited basis. Prompt entry of the relief requested in the First Day Pleadings is
critical to maintaining the Debtors' ongoing operations and the value of their bankruptcy estates.
Accordingly, by this Motion, the Debtors seek this Court's entry of an order setting an expedited
First Day hearing for Thursday, March 19, 2009 at 1:00 p.m. prevailing Eastern Time (the "**First
Day Hearing**") or as soon thereafter as counsel may be heard, to consider the First Day
Pleadings described on the proposed Agenda of Matters Scheduled for Hearing on Thursday,
March 19, 2009 at 1:00 p.m. prevailing Eastern Time, a copy of which is annexed as Exhibit 1 to
the Order (the "**First Day Agenda**"), and deeming the Debtors' Notice of Bankruptcy Filing and
Debtors' Presentation of Motions and Applications to the Court for Consideration, a copy of
which is annexed as Exhibit 2 to the Order (the "**First Day Notice**") to be adequate and
appropriate notice under the circumstances. The Debtors further request that the requirement of
filing a written response to the First Day Pleadings be waived.

## BASIS FOR RELIEF

7.      Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited
basis as requested herein. Attached hereto as Exhibit A is the certification required under Local
Rule 9013-1(N). An expedited hearing on the First Day Pleadings is appropriate under these
circumstances and is consistent with past practices in virtually every substantial chapter 11 case,

where various relief is required at the outset of the case to ensure a smooth transition into chapter 11.

8.    Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set an expedited First Day Hearing on the First Day Pleadings. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

9.    The relief sought in the First Day Pleadings is essential to avoid substantial disruption and irreparable harm to the normal operations of the Debtors' businesses. Moreover, expedited consideration of first day motions was granted by this Court in several previous chapter 11 cases. See, e.g., In re S & K Famous Brands, Inc., Case No. 09-30805 (KRH) (Bankr. E.D. Va. Feb. 10, 2009); In re Chesapeake Corporation, Case No. 08-36642 (DOT) (Bankr. E.D. Va. Dec. 30, 2008); In re LandAmerica Financial Group Inc., Case No. 08-35994 (KRH) (Bankr. E.D. Va. Nov. 26, 2008); In re Circuit City Stores, Inc., Case No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 10, 2008); In re Movie Gallery, Inc., Case No. 07-33849 (SSM) (Bankr. E.D. Va. Oct. 16, 2007).

## NOTICE

10.    Notice of this Motion will be given to: (i) the office of the United States Trustee for the Eastern District of Virginia; (ii) counsel to CSX Corporation; (iii) the United States Attorney for the Eastern District of Virginia; (iv) the Internal Revenue Service; and (v) the Debtors' top twenty (20) largest unsecured creditors on a consolidated basis. The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

11.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the

Debtors request that the requirement that all motions be accompanied by a separate

memorandum of law be waived.

## NO PRIOR REQUEST

12.    No previous request for the relief sought herein has been made to this Court or

any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form attached as Exhibit B, granting the relief requested in the Motion and

such other and further relief as may be just and proper.

Dated: March 19, 2009          Respectfully submitted,
       Richmond, Virginia


                               /s/ Dion W. Hayes
                               Dion W. Hayes (VSB No. 34304)
                               Patrick L. Hayden (VSB No. 30351)
                               McGUIREWOODS LLP
                               One James Center
                               901 East Cary Street
                               Richmond, Virginia 23219-4030
                               (804) 775-1000

                               Proposed Attorneys for Debtors and
                               Debtors in Possession

# EXHIBIT A

(Certification)

Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Greenbrier Hotel Corporation, et al., | : | Case No. 09-_____ (___) |
| | : | |
| Debtors. | : | (Joint Administration Pending) |

- - - - - - - - - - - - - - - - - - - - - - - - - x

### CERTIFICATION FOR EXPEDITED HEARING

The debtors and debtors in possession in the above-captioned cases (collectively, the

"**Debtors**") contemporaneously herewith are filing, (a) the Motion of the Debtors for an Order

Setting an Expedited Hearing on "First Day Pleadings" and for Related Relief (the "**Motion to**

**Expedite**")[1] and (b) the First Day Pleadings.  In support thereof, and as required by Rule 9013-1

(N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District

of Virginia, the undersigned hereby certifies as follows:

1.    I am a member of the Bar of this Court, I have carefully examined these matters,

and there is a true necessity for an emergency hearing.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to
Expedite.

2.      The necessity for this emergency hearing has not been caused by any lack of due

diligence on my part, but has been brought about only by the circumstances of the Debtors'

chapter 11 cases.

3.      Based upon the nature of the matters and the relief requested in the Motion to

Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

/s/ Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

## **EXHIBIT B**

(Proposed Order)

Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                              :        Chapter 11
                                                    :
Greenbrier Hotel Corporation, et al.,               :        Case No. 09-_____ (___)
                                                    :
              Debtors.                              :        (Joint Administration Pending)
- - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER SETTING AN EXPEDITED HEARING ON "FIRST DAY PLEADINGS" AND FOR RELATED RELIEF

Upon the motion (the "**Motion**")[1] of the Debtors for an order, pursuant to section 105(a)

of the Bankruptcy Code and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Eastern District of Virginia (the "**Local Bankruptcy**

**Rules**"), requesting the Court to schedule an expedited hearing at the Court's earliest

convenience on the Debtors' "first day" motions and applications and deeming the Debtors'

notice of the First Day Hearing as set forth herein to be adequate and appropriate notice under

the circumstances; and the Court having reviewed the Motion, the McGovern Affidavit and

Local Rule Certification for Expedited Hearing; and the Court having determined that the relief

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

other parties in interest; and it appearing that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is **GRANTED**.

2.      A hearing will be held on March 19, 2009 at 1:00 p.m., prevailing Eastern Time

(the "**First Day Hearing**"), to hear and consider the "first day" motions and applications listed

on the proposed agenda attached hereto as <u>Exhibit 1</u> (collectively, the "**First Day Pleadings**").

3.      The form of the Notice of Bankruptcy Filing and Debtor's Presentation of

Motions and Applications to the Court for Consideration attached hereto as <u>Exhibit 2</u> (the "**First

Day Notice**") is hereby approved in all respects.

4.      Service by facsimile or overnight delivery of the First Day Pleadings and related

documents (including the First Day Notice) on: (a) the Office of the United States Trustee for the

Eastern District of Virginia; (b) counsel to the Debtors' proposed debtor in possession lender;

and (c) the Debtors' top twenty (20) largest unsecured creditors.  Such notice is deemed to be

adequate and sufficient.

5.      The notice requirements of Local Bankruptcy Rule 9013-1(M) are hereby waived

for the Motion and the other First Day Pleadings, subject to the Court's right, upon further

consideration at the First Day Hearing, to require additional notice with respect to any particular

First Day Pleading, other than this Motion.

6.      Subject to the Debtors serving the First Day Pleadings in accordance with this

Order, the requirements of Local Bankruptcy Rule 9022-1(B), (C) are hereby waived for the

Motion and the other First Day Pleadings.

7.      The requirement of filing a written response to the First Day Pleadings is waived.

8.      A copy of this Order shall be separately docketed in each of the Debtors' chapter

11 cases.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

10.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum

of law in connection with the Motion is hereby waived.

11.     The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

12.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated:      Richmond, Virginia
            March ___, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:


/s/Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession


## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.


/s/ Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

4

# **EXHIBIT 1**

(Agenda of Matters)

Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                :        Chapter 11
                                      :
Greenbrier Hotel Corporation, et al., :        Case No. 09-_____ (___)
                                      :
                Debtors.              :        (Joint Administration Pending)
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AGENDA OF MATTERS SCHEDULED FOR HEARING
ON MARCH 19, 2009 AT 1:00 P.M.**

Set forth below are the matters scheduled to be heard before a United States Bankruptcy

Judge, in the United States Bankruptcy Court for the Eastern District of Virginia, Spottswood W.

Robinson III & Robert R. Merhige, Jr., U.S. Courthouse, Fifth Floor, 701 East Broad Street

Richmond, Virginia 23219-1888, on March 19, 2009 beginning at 1:00 p.m. prevailing Eastern

Time.

## A.    INTRODUCTION

Preliminary Remarks and Introduction

1.     Affidavit of Michael McGovern, Chief Financial Officer of Greenbrier Hotel Corporation,
       in Support of Chapter 11 Petitions and First Day Pleadings (Docket No. ____).

## B.    FIRST-DAY PLEADINGS

1.    Motion of the Debtors, Pursuant to Bankruptcy Code Section 105(a) and Local Bankruptcy Rule 9013-1(M), for an Order Setting an Expedited Hearing on "First Day Pleadings" and for Related Relief (Docket No. ___).

2.    Motion for Order (I) Directing Joint Administration Pursuant to Bankruptcy Code Sections 105(a) and 302 and Bankruptcy Rule 1015(b), and (II) Waiving Requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) (Docket No. ___).

3.    Motion of the Debtors for an Order Pursuant to Bankruptcy Code Sections 102 and 105(a), Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. ___).

4.    Motion of the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 105(a), 342(a), and 521, Bankruptcy Rule 1007, and Local Bankruptcy Rule 1007-1, for Authority to Prepare a Consolidated List of the Debtors' Top Twenty (20) Largest Unsecured Creditors and a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix (Docket No. ___).

5.    Debtors' Motion for Administrative Order Pursuant to Bankruptcy Code Sections 105(a) and 331 Establishing Interim Compensation Procedures (Docket No. ___).

6.    Application of the Debtors for Entry of an Order Pursuant to 28 U.S.C. § 156(c) and Bankruptcy Rule 2002(f) Approving Agreement with Kurtzman Carson Consultants LLC and Appointment as Claims, Noticing, and Balloting Agent (Docket No. ___).

7.    Motion for Order: (A) Authorizing Continued Use of the Debtors' Centralized Cash Management System; (B) Authorizing Maintenance and Continued Use of the Debtor's Existing Bank and Investment Accounts and Business Forms; (C) Waiving Certain Operating Guidelines Relating to Bank Accounts; (D) Waiving the Requirements of Section 345 of the Bankruptcy Code; and (E) Granting Administrative Expense Status to Inter-Debtor Claims (Docket No. ___).

8.    Motion for Order Pursuant to Sections 105(a), 363, 507(a), 541, 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003: (I) Authorizing Debtors to Continue Utilizing Payroll Services Provided by Non-Debtor Affiliate; (II) Authorizing Debtors to Pay Certain Prepetition Wages, Compensation, and Employee Benefits; (III) Authorizing Debtors to Continue Certain Employee Benefits Programs in the Ordinary Course of Business;  (IV) Authorizing Debtors to Pay Certain travel and Sales Agents' Commissions; and (V) Directing Banks to Honor Prepetition Checks for Payments of Prepetition Wage, Salary, and Benefits Obligations (Docket No. ___).

9.     Motion of the Debtors for Order Pursuant to Bankruptcy Code Sections 105(a), 506(a), 507(a)(8), 541, and 1129 and Bankruptcy Rule 6003 Authorizing the Debtors to Pay Prepetition Sales, Use, Hotel Occupancy and Other Trust Fund Taxes and Related Obligations (Docket No. ___).

10.     Motion of the Debtors for Order Pursuant to Bankruptcy Code Sections 105(a), 363, 364, 1107 and 1108, and Bankruptcy Rule 6003 Authorizing Debtors to Maintain Existing Insurance Arrangements, Pay Insurance Obligations, Including Certain Intercompany Obligations, and Enter Into or Renew Insurance Policies (Docket No. ___).

11.     Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Honor Certain Guest Programs and Prepetition Guest-Related Obligations and (II) Directing Banks to Honor Prepetition Checks for Payment of Such Obligations (Docket No. ___).

12.     Motion of Debtors for Order under Bankruptcy Code Sections 105(a) and 366 (I) Approving Debtor's Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, and (III) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests (Docket No. ___).

13.     Motion of the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 105(a), 501, 502, 503, and 1111(a), Bankruptcy Rules 2002(a), 3003(c), and 5005(a), and Local Rules 2002-1 and 3003-1 (I) Establishing Bar Dates, and (II) Approving Form and Manner of (A) Notice of Commencement of Cases and (B) Notice of Bar Dates for Creditors to File Proofs of Claim (Docket No. ___).

14.     Motion of the Debtors for Entry of Interim and Final Orders Pursuant to Bankruptcy Code Sections 105(a), 362, 363 and 364 and Bankruptcy Rules 2002 and 4001: (I) Authorizing Debtor to Obtain Postpetition Financing; and (II) Scheduling Interim and Final Hearings (Docket No. ___).

15.     Motion of the Debtors Pursuant to Bankruptcy Code Sections 101(51D) and 1102(a)(3) for Determination that No Statutory Committee of Unsecured Creditors Should be Appointed (Docket No. ___).

16.     Motion of the Debtors Pursuant to Bankruptcy Code Section 107(B)(1) and Bankruptcy Rule 9018 to File Under Seal Certain Documents Associated with Bankruptcy Code Section 1116 (Docket No. ___).

Dated:  March __, 2009                    Respectfully submitted,
        Richmond, Virginia


                                          _____
                                          Dion W. Hayes (VSB No. 34304)
                                          Patrick L. Hayden (VSB No. 30351)
                                          McGUIREWOODS LLP
                                          One James Center
                                          901 East Cary Street
                                          Richmond, Virginia 23219-4030
                                          (804) 775-1000

                                          Proposed Attorneys for Debtors and
                                          Debtors in Possession

## **EXHIBIT 2**

(Notice)

Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                      :          Chapter 11
                                            :
Greenbrier Hotel Corporation, et al.,       :          Case No. 09-_____ (___)
                                            :
                  Debtors.                  :          (Joint Administration Pending)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF BANKRUPTCY FILING AND DEBTORS' PRESENTATION OF MOTIONS AND APPLICATIONS TO THE COURT FOR CONSIDERATION

PLEASE TAKE NOTICE that on March 19, 2009, The Greenbrier Resort and

Club Management Company, Greenbrier Hotel Corporation, Greenbrier IA, Inc., The Old White

Development Company, Old White Club Corporation, and Greenbrier Golf and Tennis

Corporation, the debtors and debtors-in-possession in the above-captioned cases (collectively,

the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of title 11 of the United

States Code with the United States Bankruptcy Court for the Eastern District of Virginia (the

"Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that the Debtors have requested that the

first-day hearing in these cases (the "**First-Day Hearing**") be held on **March 19, 2009 at 1:00**

**p.m. (prevailing Eastern Time), in the United States Bankruptcy Court for the Eastern**

**District of Virginia, Spottswood W. Robinson III & Robert R. Merhige, Jr., U.S.**

**Courthouse, Fifth Floor, 701 East Broad Street Richmond, Virginia 23219-1888**, to consider

the following applications and motions:

1. Motion of the Debtors, Pursuant to Bankruptcy Code Section 105(a) and Local Bankruptcy Rule 9013-1(M), for an Order Setting an Expedited Hearing on "First Day Pleadings" and for Related Relief (Docket No. ___).

2. Motion for Order (I) Directing Joint Administration Pursuant to Bankruptcy Code Sections 105(a) and 302 and Bankruptcy Rule 1015(b), and (II) Waiving Requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) (Docket No. ___).

3. Motion of the Debtors for an Order Pursuant to Bankruptcy Code Sections 102 and 105(a), Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. ___).

4. Motion of the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 105(a), 342(a), and 521, Bankruptcy Rule 1007, and Local Bankruptcy Rule 1007-1, for Authority to Prepare a Consolidated List of the Debtors' Top Twenty (20) Largest Unsecured Creditors and a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix (Docket No. ___).

5. Debtors' Motion for Administrative Order Pursuant to Bankruptcy Code Sections 105(a) and 331 Establishing Interim Compensation Procedures (Docket No. ___).

6. Application of the Debtors for Entry of an Order Pursuant to 28 U.S.C. § 156(c) and Bankruptcy Rule 2002(f) Approving Agreement with Kurtzman Carson Consultants LLC and Appointment as Claims, Noticing, and Balloting Agent (Docket No. ___).

7. Motion for Order: (A) Authorizing Continued Use of the Debtors' Centralized Cash Management System; (B) Authorizing Maintenance and Continued Use of the Debtor's Existing Bank and Investment Accounts and Business Forms; (C) Waiving Certain Operating Guidelines Relating to Bank Accounts; (D) Waiving the Requirements of Section 345 of the Bankruptcy Code; and (E) Granting Administrative Expense Status to Inter-Debtor Claims (Docket No. ___).

8. Motion for Order Pursuant to Sections 105(a), 363, 507(a), 541, 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003: (I) Authorizing Debtors to Continue Utilizing Payroll Services Provided by Non-Debtor Affiliate; (II)

Authorizing Debtors to Pay Certain Prepetition Wages, Compensation, and Employee Benefits; (III) Authorizing Debtors to Continue Certain Employee Benefits Programs in the Ordinary Course of Business;  (IV) Authorizing Debtors to Pay Certain travel and Sales Agents' Commissions; and (V) Directing Banks to Honor Prepetition Checks for Payments of Prepetition Wage, Salary, and Benefits Obligations (Docket No. ___).

9.    Motion of the Debtors for Order Pursuant to Bankruptcy Code Sections 105(a), 506(a), 507(a)(8), 541, and 1129 and Bankruptcy Rule 6003 Authorizing the Debtors to Pay Prepetition Sales, Use, Hotel Occupancy and Other Trust Fund Taxes and Related Obligations (Docket No. ___).

10.    Motion of the Debtors for Order Pursuant to Bankruptcy Code Sections 105(a), 363, 364, 1107 and 1108, and Bankruptcy Rule 6003 Authorizing Debtors to Maintain Existing Insurance Arrangements, Pay Insurance Obligations, Including Certain Intercompany Obligations, and Enter Into or Renew Insurance Policies (Docket No. ___).

11.    Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Honor Certain Guest Programs and Prepetition Guest-Related Obligations and (II) Directing Banks to Honor Prepetition Checks for Payment of Such Obligations (Docket No. ___).

12.    Motion of Debtors for Order under Bankruptcy Code Sections 105(a) and 366 (I) Approving Debtor's Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, and (III) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests (Docket No. ___).

13.    Motion of the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 105(a), 501, 502, 503, and 1111(a), Bankruptcy Rules 2002(a), 3003(c), and 5005(a), and Local Rules 2002-1 and 3003-1 (I) Establishing Bar Dates, and (II) Approving Form and Manner of (A) Notice of Commencement of Cases and (B) Notice of Bar Dates for Creditors to File Proofs of Claim (Docket No. ___).

14.    Motion of the Debtors for Entry of Interim and Final Orders Pursuant to Bankruptcy Code Sections 105(a), 362, 363 and 364 and Bankruptcy Rules 2002 and 4001: (I) Authorizing Debtor to Obtain Postpetition Financing; and (II) Scheduling Interim and Final Hearings (Docket No. ___).

15.    Motion of the Debtors Pursuant to Bankruptcy Code Sections 101(51D) and 1102(a)(3) for Determination that No Statutory Committee of Unsecured Creditors Should be Appointed (Docket No. ___).

16.    Motion of the Debtors Pursuant to Bankruptcy Code Section 107(B)(1) and
Bankruptcy Rule 9018 to File Under Seal Certain Documents Associated with
Bankruptcy Code Section 1116 (Docket No. ___).

PLEASE TAKE FURTHER NOTICE that documents are immediately available

through PACER on the court's website: https://ecf.vaeb.uscourts.gov/cgi-bin/iquery.pl or at the

website Kurtzman Carson Consultants LLC at https://www.kccllc.com/greenbrier.

Dated: Richmond, Virginia
       March ___, 2009

                                        _____
                                        Dion W. Hayes (VSB No. 34304)
                                        Patrick L. Hayden (VSB No. 30351)
                                        McGUIREWOODS LLP
                                        One James Center
                                        901 East Cary Street
                                        Richmond, Virginia 23219-4030
                                        (804) 775-1000

                                        Proposed Attorneys for Debtors and
                                        Debtors in Possession

\7037373

4