Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Attorneys for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                              :     Chapter 11
                                                    :
Greenbrier Hotel Corporation, et al.,               :     Case No. 09-31703 (KRH)
                                                    :
         Debtors.                                   : Jointly Administered
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER DISMISSING DEBTORS' BANKRUPTCY CASES

Upon the motion (the "**Motion**")[1] of the Debtors for entry of an order, under Sections 305(a)(1) and 1112(b)(1) of the U.S. Bankruptcy Code, 11 U.S.C. Section 101 *et seq.* (the "Bankruptcy Code"), and Bankruptcy Rules 1017, 2002(a)(4) and 9006(c)(1), dismissing the above-captioned Debtors' bankruptcy cases (the "Bankruptcy Cases") and shortening notice for the May 19, 2009 hearing on the Motion (the "Hearing"); and this Court having fully considered the record before it at the Hearing; and after due deliberation thereon,

**IT IS HEREBY FOUND AND DETERMINED that**:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

A. Good and sufficient notice of the Motion and the Hearing was provided to all parties in interest, and no other or further notice is necessary or warranted under the circumstances. Cause exists to shorten the notice and objection period for the Hearing on the Motion.

B. No party has filed an objection to the Motion.

C. The Bankruptcy Cases no longer serve any necessary restructuring or reorganizational purpose, and requiring the Debtors to exit bankruptcy through confirmation of a chapter 11 plan would not provide any meaningful benefits to the Debtors, their creditors, or other parties in interest.

D. The expense and burden of the continued operation of the Debtors under the jurisdiction of this Court substantially outweigh any benefits that continued exercise of bankruptcy jurisdiction could provide to the Debtors, their creditors, and other parties in interest.

E. The Debtors' creditors and other parties in interest are adequately protected by applicable nonbankruptcy law and other available forums, particularly in light of the Debtors' ability and expressed willingness to satisfy the Debtors' existing obligations in the ordinary course of business, or at such time as the obligations become liquidated and undisputed.

F. The Debtors, their creditors, and other parties in interests will be best served by dismissal of the Bankruptcy Cases in accordance with Bankruptcy Code Section 305(a)(1).

G. Good and sufficient cause also exists for dismissal of the Bankruptcy Cases pursuant to Bankruptcy Code Section 1112(b)(1).

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that**:

1. The Motion is GRANTED.

2. Pursuant to Bankruptcy Rule 9006(c)(1), the Debtors' request to shorten the notice period for the Hearing on the Motion is hereby GRANTED.

3. Pursuant to Bankruptcy Code Section 305(a)(1), the Bankruptcy Cases are hereby DISMISSED.

4. Pursuant to Bankruptcy Code Section 349(b)(3), all of the property of the Debtors' estates is hereby revested in the entity in which such property was vested immediately before commencement of the Bankruptcy Cases.

5. The Debtors' commencement of the Bankruptcy Cases shall not be deemed to have any effect on the Debtors' contractual relationships existing immediately prior to the Petition Date.

6. All motions filed by any non-Debtor party pending in the Bankruptcy Cases as of the date hereof are hereby denied as moot. Any pleadings filed by the Debtors pending as of the date hereof are deemed withdrawn as moot.

7. Pursuant to the Letter Agreement dated May 15, 2009 between the Justice Family Group, LLC and Marriott Hotel Services, Inc., the Marriott Stalkinghorse APA is hereby terminated as of the date of this Order, with none of the parties thereto having any further rights, claims, or obligations thereunder, except that the Deposit (as defined in the Marriott Stalkinghorse APA) and all interest accrued thereon, shall be returned immediately to Marriott, and except as may have been otherwise specifically agreed to in writing by the parties.

8. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

9. Upon service by Kurtzman Carson Consultants LLC ("KCC") of a copy of this Order upon the list of the Debtors' creditors and parties in interest, the retention of KCC as claims, noticing, and balloting agent in the above-captioned bankruptcy cases is hereby terminated. KCC is directed to transmit to the Clerk's office all proofs of claims and other materials received

- 4 -

or maintained by KCC in its capacity as claims, noticing, and balloting agent in these Bankruptcy Cases.

Dated:   Richmond, Virginia
        May __, 2009

_____
HON. KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

  /s/   Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Attorneys for the Debtors and
Debtors in Possession

SEEN AND AGREED:

  /s/   Lawrence A. Katz
Lawrence A. Katz (VSB No. 47664)
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Vienna, Virginia 22182-2707
(703) 760-1600

Attorneys for Marriott Hotel Services, Inc.

- 5 -

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

      I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

      /s/ Dion W. Hayes
Dion W. Hayes (VSB No. 34304)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000